DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. That court granted the parties, appellant, Lori Haley, ("Lori") and appellee, Daniel J. Haley, ("Daniel") a divorce; ordered a division of the marital assets and liabilities; and awarded custody and child support. For the reasons stated herein, this court affirms the judgment of the trial court.
Lori sets forth the following five assignments of error:
"ASSIGNMENTS OF ERROR
"I. Hearing and Order Issues.
 "A. The trial court erred, as a matter of law, when it entered the magistrate's decision with permanent order without making an independent review of either the law or facts. (Magistrate's Decision with Permanent Order filed January 3, 2001 (See Appendix A); Judgment Entry on Objections to Magistrate's Decision filed February 23, 2001 (See Appendix B).)
 "B. The trial court erred when it failed to consider appellant's objections to the magistrate's decision with permanent order. (Judgment Entry on Objections to Magistrate's Decision filed February 23, 2001 (See Appendix B).)
 "C. The trial court erred when it failed to consider appellant's motion for reconsideration. Judgment Entry on Motion for Reconsideration filed March 9, 2001 (See Appendix C).
 "D. The trial court erred when it dismissed appellant's motion to modify temporary support without conducting a hearing on the matter. (Magistrate's Decision with Permanent Order filed March 8, 2001 (See Appendix D).)
 "E. The trial court erred when it failed to consider appellant's motion to show cause. (Supplemental Motion to Show Cause filed July 12, 2000 (See Appendix E).)
"II. Spousal Support Issues.
 "A. The trial court erred by granting an evidentiary hearing for a modification of a 75N order. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "B. The trial court erred when it made a determination of spousal support before an equitable distribution determination. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "C. The trial court erred when it improperly intertwined an award of spousal support with its award of equitable distribution. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "D. The trial court erred by failing to consider the statutory factors of spousal support. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "III. Mixed Issues of Spousal Support and Child Support.
 "A. The trial court erred when it failed to consider the rental income of appellee. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "B. The trial court erred when it altered appellee's income from the stipulated amount agreed to by the parties on February 10, 2000, (Magistrate's Decision with Permanent Order (See Appendix A).)
 "C. The trial court erred by failing to impute income to appellee for voluntary underemployment. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "D. The trial court erred when it failed to properly consider the needs of one party against the other party's ability to pay. (Magistrate's Decision with Permanent Order (See Appendix A).)
"IV. Equitable Distribution Issues.
 "A. The trial court erred by failing to consider the statutory factors of equitable distribution. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "B. The trial court erred by not specifically stating the awards to each party in equitable distribution. (Magistrate's Decision with Permanent Order (See Appendix A).)
 "C. The trial court erred when it failed to consider the stipulations of the parties. (Magistrate's Decision with Permanent Order (Appendix A).)
 "D. The trial court erred by failing to consider appellee's dissipation of the marital assets. (Magistrate's Decision with Permanent Order (See Appendix A).)
"V. Other Issues
 "A. The trial court erred when it found that appellant did not file a statement of attorney's fees. (Magistrate's Decision with Permanent Order (See Appendix A).)"
The following facts are relevant to this appeal. The parties were married on October 30, 1982. Three children were born as issue of the marriage: Lindsay (d.o.b. April 8, 1983); Lauren (d.o.b. September 7, 1987); and Ryan (d.o.b. December 13, 1991).
On May 11, 1999, Lori filed a complaint for divorce. Daniel filed an answer and counterclaim on May 26, 1999. A hearing was held before a magistrate on April 25, 2000. Lori and Daniel testified. On January 3, 2001, the magistrate issued her decision. Lori timely filed her objections but did not file a transcript[1] as required by Civ.R. 53(E)(3)(b)[2]. On February 23, 2001, the trial court found Lori's objections not well-taken and affirmed the magistrate's decision. The trial court's order granted the parties a divorce; awarded custody[3]
and established visitation and child support; established a payment schedule for Daniel's existing child support arrearage owed to Lori; and granted, in part, and denied, in part, Lori's request for attorney fees ("Order number 1").
On March 6, 2001,[4] Lori filed a motion for reconsideration of the trial court's decision overruling her objections to the magistrate's decision. On March 9, 2001, the trial court denied Lori's motion, noting that the Ohio Civil Rules do not provide for motions for reconsideration in the trial court. ("Order number 2").
On March 8, 2001, the trial court dismissed as moot a motion filed by Lori on September 11, 2000, seeking an order to modify temporary spousal support and to require Daniel to repair and maintain certain marital real estate ("Order number 3"). On March 26, 2001, Lori filed a timely notice of appeal of these three orders.
There are three impediments to this court's reaching the merits of Lori's arguments in support of her first four assignments of error. Those impediments are: failure to file a transcript with her objections to the magistrate's decision, failure to object to certain findings of fact or conclusions of law in the magistrate's decision, and the fact that the Rules of
Civil Procedure do not provide for a motion for reconsideration in the trial court. This court will discuss these three impediments in the order listed.
 FAILURE TO FILE A TRANSCRIPT WITH OBJECTIONS
A review of the record indicates that Lori failed, in the trial court, to accompany her objections to the magistrate's decision with a transcript as required by Civ.R. 53(E)(3)(b). See footnote 2. The civil rules place the burden for obtaining a transcript upon the objecting party. Thus, the burden was on Lori to ensure that the transcript was actually filed with the clerk of courts prior to the trial court's ruling on her objections. Dawson v. Dawson (Sept. 27, 1999), Stark App. No. 1999CA00063, unreported.
Under Civ.R. 53(E)(3), the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters which have been challenged. Furthermore, because Lori failed to provide a transcript as required by Civ.R. 53(E)(3)(b), she cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. In the matter of Pollis
(May 8, 1998), Trumbull App. No. 97-T-0066, unreported.
Although Lori provided a transcript of the hearing before the magistrate with the record on appeal to this court, that transcript was not part of the record before the trial court. In State ex rel. Duncanv. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730, the Ohio Supreme Court stated:
 "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. (Citations omitted.) * * *
 "Therefore, to the extent that [appellants] rely on evidence from the evidentiary hearing transcript which was not before the court * * * ruling on [appellants'] objections to the referee's report, their argument must fail. (Citations omitted.)"
See, also, High v. High (1993), 89 Ohio App.3d 424, 427 (appellate court precluded from considering the transcript as it pertains to establishing or refuting the magistrate's or trial court's factual findings because the trial court itself was not so provided and, therefore, did not have an opportunity to review the testimony from which the magistrate drew her factual findings). "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. In addressing Lori's assignments of error, this court is limited to reviewing the evidence that was before the trial court during its proceedings. State ex rel. Duncan v. Chippewa Twp. Trustees,73 Ohio St.3d at 730. Before the trial court were the magistrate's findings of fact and conclusions of law, the exhibits upon which the magistrate relied, and all of the previous entries on the record. The issues raised in this appeal in regard to the trial court's legal conclusions will be addressed to the extent they may be resolved without the transcript.
Therefore, this court's review of the trial court's decision is limited to whether the trial court abused its discretion in adopting the referee's report. State ex rel. Duncan v. Chippewa Twp. Trustees,73 Ohio St.3d at 730. The same standard of appellate review applies to all five assignments of error. Booth v. Booth (1989), 44 Ohio St.3d 142, 144
("* * * when reviewing the propriety of a trial court's determination in a domestic relations case, this court has always applied the `abuse of discretion' standard."). "The term `abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (Citations omitted.). When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In reJane Doe 1 (1990), 57 Ohio St.3d 135, 137-138.
 FAILURE TO OBJECT TO MAGISTRATE'S DECISION
A review of the record indicates Lori failed to object to certain parts the magistrate's decision which she now attempts to raise in her first through fourth assignments of error. Civ.R. 53(E)(3)(b) provides that "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
In Harbeitner v. Harbeitner (1994), 94 Ohio App.3d 485, 489, the court, citing Proctor v Proctor (1988), 48 Ohio App.3d 55, 63, affirmed this premise and stated:
 "Accordingly, we hold that a claim that the trial court erred in adopting a referee's finding of fact * * * is waived on appeal unless an objection to that finding is contained in that party's written objections to the referee's report."
In discussing waiver and Civ.R. 56(E)(6), now Civ.R. 53(E)(3)(b), the court in Proctor v. Proctor (1988), 48 Ohio App.3d 55, 58 stated:
 "In our view, the express language of Civ.R. 53(E)(6), merely follows well-established case authority that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. (Citation omitted.) * * *"
"A party on appeal, from a final judgment, may not assign as error an abuse of discretion of the trial court as an alternative to filing in the trial court objections to the referee's report." Waltimire v. Waltimire
(1989), 55 Ohio App.3d 275, 276.
 MOTION FOR RECONSIDERATION
The Ohio Rules of Civil Procedure do not provide for motions for reconsideration in the trial court; therefore such motions are considered a nullity. Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. As this court stated in Phillips v. Mufleh (1994), 95 Ohio App.3d 289, 293:
 "* * * once a final judgment is entered, it cannot be reconsidered by the trial court. * * * Where no final judgment has been entered, a trial court has continuing jurisdiction to revise its order at any time and can entertain a motion for reconsideration. * * *"
In the case sub judice, the trial court's judgment entry on Lori's objections to the magistrate's decision was entered on the trial court's journal on February 27, 2001, and, thus, was final on that date. Lori did not file her motion for reconsideration until March 6, 2001, and, therefore, the trial court was correct that it could not entertain her motion.
Based upon the above law and a review of the record in this case, this court finds no merit in Lori's first four assignments of error. Accordingly, Lori's first, second, third and fourth assignments of error are found not well-taken.
In her fifth assignment of error, Lori argues that the trial court erred when it found that appellant did not file a statement of attorney fees. This court finds no merit in this assignment of error.
R.C. 3105.18(H) provides for the payment of reasonable attorney fees for completed services upon proper application to the court. Oatey v.Oatey (1992), 83 Ohio App.3d 251, 263. A proper application for attorney fees should include an itemized statement describing the services rendered. Id. See, also, Loc.R. 7.11 of the Lucas County Court of Common Pleas, Domestic Relations Division. The court in Oatey,83 Ohio App.3d at 263, further noted:
 "* * * Moreover, an award of reasonable attorney fees must be predicated upon evidence submitted by the movant demonstrating the reasonable value of actual services performed and itemized to the party pursuant to Dom.Rel.Loc.R. 21(B). See, also, Swanson v. Swanson, supra (mere multiplication of the hourly rate by the number of hours expended without evidentiary support is insufficient)."[5] (Emphasis added.)
The exhibit submitted in support of Lori's request for attorney fees was not itemized; rather, it was merely a summary fee statement indicating the number of hours per two to three month intervals with the hourly rate charged. Thus, the trial court did not err when it found that Lori did not submit an itemized fee statement with her request for attorney fees.
Accordingly, Lori's fifth assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] The transcript of the hearing before the magistrate on April 25, 2000, is file stamped April 16, 2001, for both the Lucas County Court of Common Pleas, Juvenile Division, and this court. Thus, the transcript of the hearing was filed after the notice of appeal was filed on March 29, 2001.
[2] Civ.R. 53(E)(3)(b) provides:
 "Form of objections. Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
[3] Custody of Lindsay was awarded to Daniel and custody of Lauren and Ryan were awarded to Lori.
[4] Also on March 6, 2001, Lori's appellate counsel substituted as trial counsel for Lori's prior trial counsel.
[5] Loc.R. 7.11 of the Lucas County Court of Common Pleas, Domestic Relations Division, is similar to Loc.R. 21(B) of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in requiring that a request for attorney fees be itemized as to services rendered.