VAN FOSSEN, N.K.A. WILLIAMS, APPELLEE, *v.* VAN FOSSEN, APPELLANT.

(No. 13480—Decided July 6, 1988.)

*Howard L. Calhoun,* for appellee.
*Archie Skidmore,* for appellant.

MAHONEY, J. Marsha H. Williams (formerly Van Fossen) and John M. Van Fossen appeal from that part of a divorce decree rendered by the Summit County Court of Common Pleas, Domestic Relations Division, which ordered a sheriff's sale forthwith of the marital residence and a commercial property. We reverse and remand.

Marsha's Assignment of Error

"The trial court erred by committing an abuse of discretion when it summarily, ambiguously and without contingencies ordered a sheriff's sale 'forthwith' in a property division pursuant to a divorce decree."

John's Assignments of Error

"I. Whether the trial court has the authority to order the commercial real property that is the subject of this lawsuit sold at a sheriff's sale as part of the property settlement."

"II. Whether the trial court's judgment ordering the sheriff's sale is too vague to be enforced."

Generally, a domestic relations court is accorded broad discretion in fashioning a property division. *Berish v. Berish* (1982), 69 Ohio St. 2d 318, 23 O.O. 3d 296, 432 N.E. 2d 183. However, such discretion is not unlimited. *Id.* We find that in the instant case, the trial court abused its discretion when it ordered a sheriff's sale forthwith of the marital residence and a commercial property.

We are cognizant of the need for judicial economy and the need to reach a final property division in a reasonable amount of time. Nonetheless, these policies must be balanced with a concern that the parties to a divorce get as fair a price as possible when it becomes necessary that property be sold.

In the instant case, the parties were not given the opportunity to sell the properties voluntarily on the open market. Furthermore, the commercial property involved is the subject of a lawsuit where a third party is seeking to establish an interest in the property.

Although sometimes it may become necessary to auction off property to finalize a property settlement, an auction should not normally be ordered where there is a reasonable chance of a fair, timely and voluntary sale. Divorce is usually a losing proposition for the parties involved. However, a trial court should endeavor to lessen the impact on the parties whenever it is reasonably practical.

## Summary

The assignments of error are sustained. The judgment of the trial court is reversed insofar as it orders the immediate sale of the marital residence and a commercial property. The cause is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

BAIRD, P.J., and CACIOPPO, J., concur.