OATEY, Appellee,

v.

OATEY, Appellant.

[Cite as *Oatey v. Oatey* (1992), 83 Ohio App.3d 251.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62086.

Decided April 23, 1992.

*Joyce E. Barrett,* for appellee.

*Spieth, Bell, McCurdy & Newell Co., L.P.A.,* and *Ron Tonidandel,* for appellant.

KRUPANSKY, Judge.

Defendant-appellant Gary A. Oatey appeals from a prejudgment order of the Cuyahoga County Common Pleas Court, Domestic Relations Division, awarding plaintiff-appellee Susan A. Oatey $100,000 in attorney fees funded by an immediate court-ordered sale of substantial marital property. We reverse and remand for further proceedings consistent with this opinion.

Plaintiff filed a complaint for divorce in domestic relations case No. D–200521 against defendant and five other defendants who are not parties to the appeal *sub judice, viz.*: (1) Oatey Company; (2) Oatey Company Profit Sharing Trust & Savings Incentive Plan; (3) Cardinal Federal Savings Bank; (4) Society National Bank; and (5) Ameritrust Company, National Association. Plaintiff requested a divorce, custody of the couple's three minor children, alimony, child support, an equitable division of property, attorney fees, temporary restraining orders against the six defendants prohibiting the disposition of various property and other equitable relief.

Plaintiff subsequently filed an amended complaint naming seven additional defendants who are not parties to this appeal for the purpose of obtaining additional temporary restraining orders against the transfer of property in which

plaintiff claims an interest. It appears from the record the Oateys have accumulated substantial marital assets. Defendant Gary Oatey filed an answer and an amended answer and counterclaim requesting a divorce, custody of the three children, an equitable division of property, attorney fees and other relief.

During the course of the proceedings in the domestic relations court plaintiff filed a motion for interim attorney fees and costs in addition to a separate motion for temporary alimony and child support. The domestic relations court granted the motion for attorney fees after conducting a hearing over a three-day period.

The domestic relations court order journalized July 2, 1991 (the "Order") awarded plaintiff $100,000 as interim attorney fees, ordered defendant to pay plaintiff's counsel $50,000 within seven days of journalization of the "Order" and to deposit the proceeds from the court-ordered sale of certain condominiums in escrow within sixty days pending further order of the domestic relations court. The "Order" continued the prior temporary restraining orders on all the parties' remaining assets and did not contain the express language "no just reason for delay" pursuant to Civ.R. 54(B).

Defendant filed a notice of appeal from the "Order" July 9, 1991 raising eleven assignments of error.[1] Plaintiff thereafter commenced proceedings to enforce the "Order" in the domestic relations court and filed a motion in this court of appeals to dismiss the appeal contending the "Order" from which defendant appealed was not a final appealable order. This court of appeals granted defendant's motion for a stay of execution of the "Order" July 29, 1991 upon the posting of a $100,000 supersedeas bond after the domestic relations court denied a similar motion.

Defendant subsequently filed a "Motion to Supplement the Record on Appeal" pursuant to App.R. 9(E) to include as part of the record in the appeal *sub judice* various original papers from proceedings conducted by the domestic relations court to enforce the "Order" while defendant's appeal from the underlying "Order" was pending in this court of appeals. Defendant's motion contends the enforcement proceedings demonstrate the "Order" from which he appealed constitutes a final appealable order.

Plaintiff's motion to dismiss the appeal *sub judice* and defendant's motion for leave to supplement the record on appeal have been referred to the merit panel for disposition. For the sake of simplicity, this court shall address defendant's motion to supplement the record prior to considering plaintiff's motion to dismiss and the additional authority submitted by the parties concerning this jurisdictional issue.

---

1. Defendant's eleven assignments of error are set forth in the Appendix.

*Motion for Leave to Supplement Record*

■ Defendant contends interlocutory orders are not enforceable by the domestic relations court prior to final judgment; however, since the domestic relations court attempted to enforce the "Order," defendant maintains this makes the "Order" "final." [2]

■ However, the enforceability of orders entered by domestic relations courts does not depend upon whether such orders are classified as "final" or "interlocutory" for purposes of appeal. Notwithstanding defendant's argument to the contrary, interlocutory orders entered during the course of the proceedings may be enforced by a domestic relations court against a noncomplying party prior to final judgment. *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E.2d 657; see, also, *Ollick v. Rice* (1984), 16 Ohio App.3d 448, 16 OBR 529, 476 N.E.2d 1062 (probate court). The mere filing of a notice of appeal from the order by a noncomplying party does not divest the domestic relations court of jurisdiction to enforce an interlocutory or final order pending appeal unless the party is granted a stay of execution of the order. *In re Kurtzhalz, supra; Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 15 OBR 285, 472 N.E.2d 1085; *Buckles v. Buckles* (1988), 46 Ohio App.3d 118, 546 N.E.2d 965; *Huelsman v. Huelsman* (Nov. 17, 1988), Cuyahoga App. No. 54684, unreported, at 22–23, 1988 WL 122899; *White v. White* (1977), 50 Ohio App.2d 263, 272, 4 O.O.3d 225, 230, 362 N.E.2d 1013, 1019. Although this court's stay of execution renders any purported enforcement of the "Order" by the domestic relations court pending appeal a nullity, the stay has no effect on the finality of the "Order." *Gieg v. Gieg* (1984), 16 Ohio App.3d 51, 16 OBR 55, 474 N.E.2d 626.

We find defendant's proffered materials relating to subsequent proceedings conducted in the domestic relations court after defendant's notice of appeal to this court of appeals do not fall within the scope of App.R. 9(E) and are not relevant to the determination of the jurisdiction of this court or the merits of the appeal *sub judice.* Accordingly, defendant's motion for leave to supplement the record is not well taken and is hereby denied.

---

2. Defendant presented certified copies of various documents from the file in case No. D–200521 indicating the domestic relations court granted plaintiff's motion to enforce the "Order" in an entry threatening possible imprisonment pursuant to R.C. 2705.05 August 15, 1991 despite the stay of execution granted by this court and prior to the filing of the underlying recommendations of the referee concerning enforcement. Defendant subsequently filed timely objections to the recommendations of the referee along with a motion to vacate the referee's report and court order of August 15, 1991. The domestic relations court thereafter entered an order September 9, 1991 holding the enforcement order "effective until October 11, 1991."

*Motion to Dismiss*

Plaintiff's motion to dismiss the appeal *sub judice* contends the underlying "Order" for the payment of attorney fees was entered pursuant to the temporary alimony and attorney fees provisions of Civ.R. 75(M)(1) and Dom.Rel.Loc.R. 21 and constitutes an interlocutory order from which no appeal may be taken prior to a final judgment disposing of the entire case based upon Loc.App.R. 20 and Civ.R. 54(B).

Loc.App.R. 20 governs jurisdiction in appeals from actions involving multiple claims or parties and provides as follows:

"Appeals involving either multiple claims or multiple parties are not within the jurisdiction of this court unless:

"1) A judgment disposition in the trial court determined all issues and all claims involving all parties, or

"2) A partial disposition in the trial court is accompanied by a determination by that court under Civ.R. 54(B) that there is no just reason to delay entering judgment on issues, claims or parties involved in the partial disposition."

Civ.R. 54(B) likewise provides as follows:

"Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Defendant's brief in opposition argues the "Order" for interim attorney fees was entered pursuant to R.C. 3105.18(H) and constitutes a final appealable order affecting a "substantial right" made in a "special proceeding" within the scope of R.C. 2505.02 to which neither Loc.App.R. 20 nor Civ.R. 54(B) applies.

R.C. 3105.18(H), which was enacted and became effective after plaintiff filed her motion for attorney fees in the case *sub judice,* provides as follows:

"In divorce or legal separation proceedings, the court may award *reasonable* attorney's fees to either party *at any stage of the proceedings,* including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it

determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award *reasonable attorney's fees* to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating his rights and adequately protecting his interests if it does not award reasonable attorney's fees." (Emphasis added.)

R.C. 2505.02 defines "final order" in pertinent part as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, *an order that affects a substantial right made in a special proceeding* or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis added.)

■ Although the underlying motion for attorney fees in the case *sub judice* was filed prior to the effective date of R.C. 3105.18(H), the motion was heard and decided by the domestic relations court after the effective date. The "Order" expressly states, "[t]his matter came on to be heard on June 18th, 25th and 26th upon Plaintiff's motion for interim fees and costs pursuant to Local Rule 21 as amended by O.R.C. 3105.18(H)." Consequently, we conclude the domestic relations court relied upon and decided its "Order" in the case *sub judice* pursuant to the guidelines specified in R.C. 3105.18(H).

■ Defendant contends that since attorney fees incurred by a party in litigation are not ordinarily recoverable from an opposing party absent statutory or other authority, R.C. 3105.18(H), therefore, establishes a definitive statutorily authorized "special proceeding" within a domestic relations action to recover such attorney fees. Although an order mandating immediate payment of attorney fees to an opponent clearly affects a "substantial right" of a party, we reject defendant's argument R.C. 3105.18(H) categorically establishes a "special proceeding."

■ Defendant has offered nothing to support his contention that R.C. 3105.-18(H) departs from the prior longstanding well-developed practice governing the timing of appeals from orders in domestic relations cases granting attorney fees pending final disposition of the case. Authority existing prior to the enactment of R.C. 3105.18(H) sanctioned motions for attorney fees during the course of domestic relations proceedings prior to final judgment, *Stuart v. Stuart* (1944), 144 Ohio St. 289, 29 O.O. 432, 58 N.E.2d 656, during appeals, *Lee v. Lee* (1983), 10 Ohio App.3d 113, 10 OBR 137, 460 N.E.2d 710, or in proceedings to modify or enforce domestic relations orders, *Rand v. Rand* (1985), 18 Ohio St.3d 356, 18 OBR 415, 481 N.E.2d 609; *Blum v. Blum* (1967), 9 Ohio St.2d 92, 38 O.O.2d 224, 223 N.E.2d 819.

Such attorney fee awards were generally characterized as a component of "alimony" or as "necessaries" supplied to the parties' spouse or children, *Hamilton v. Hamilton* (1988), 40 Ohio App.3d 190, 532 N.E.2d 213, although some awards were not in fact made as part of alimony or child support obligations. *E.g., Butler v. Butler* (Apr. 17, 1986), Cuyahoga App. No. 50422, unreported, 1986 WL 249. The discretion of the domestic relations court in awarding such attorney fees was likewise guided by, *inter alia*, the parties' respective needs and ability to pay. *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, at 94–95, 2 O.O.3d 65, at 70–71, 355 N.E.2d 894, at 900–901.

It was likewise well established prior to the enactment of R.C. 3105.-18(H) that prejudgment orders in domestic relations actions, including attorney fee awards, generally constitute ordinary proceedings in the domestic relations action from which an appeal may not be taken until final disposition of the case. *Galbreath v. Galbreath* (June 13, 1989), Franklin App. No. 89AP–103, unreported, 1989 WL 65389; *Daughtry v. Daughtry* (1973), 47 Ohio App.2d 195, 1 O.O.3d 275, 353 N.E.2d 641; *Venable v. Venable* (1981), 3 Ohio App.3d 421, 3 OBR 498, 445 N.E.2d 1125.[3]

As in other cases, absent a finding of contempt or some other basis for immediate review, a party filing an appeal from an attorney fee award prior to final judgment in a domestic relations case must demonstrate the order awarding attorney fees "affects a substantial right made in a special proceeding" within the meaning of R.C. 2505.02. See *Galbreath v. Galbreath, supra*. The Ohio Supreme Court has established a balancing test based on the following factors to determine whether an order, such as the "Order" in the case *sub judice*, was made in a "special proceeding":

"This test weighs the harm to the 'prompt and orderly disposition of the litigation,' and the consequent waste of judicial resources resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Id.; Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 258, 21 O.O.3d 158, 161, 423 N.E.2d 452, 455; *Voss v. Voss* (1989), 62 Ohio App.3d 200, 203–204, 574 N.E.2d 1175, 1176–1177.

Based upon our balancing of the factors discussed in *Amato, supra,* this court concludes the "Order" *sub judice* affects a "substantial right" made in a "special

---

3. These cases evolved after the Ohio Supreme Court abandoned a prior line of cases which permitted immediate review of temporary alimony awards, *McMahon v. McMahon* (1951), 156 Ohio St. 280, 46 O.O. 143, 102 N.E.2d 252, by holding that an abuse of discretion does not render an otherwise interlocutory order relating to an award of attorney fees immediately appealable. See *Kennedy v. Chalfin* (1974), 38 Ohio St.2d 85, 67 O.O.2d 90, 310 N.E.2d 233 (citing *Klein v. Bendix Westinghouse Co.* [1968], 13 Ohio St.2d 85, 42 O.O.2d 283, 234 N.E.2d 587).

proceeding" under R.C. 2505.02. We recognize that immediate appeals from attorney fee awards would under most circumstances constitute unwarranted interference with the timely resolution of domestic relations actions since the awards would be subject to reconsideration prior to final judgment in each case and could be adequately reviewed at that time. *Galbreath v. Galbreath, supra,* at 8. However, the "Order" falls within the narrow range of cases warranting immediate review based upon a substantial likelihood of extreme and irreparable harm since the attorney fee award is funded by an immediate court-ordered sacrifice sale of substantial property and mandates payment of prospective fees to a non-party without any provision for reimbursement.

We agree with the Fifth District Court of Appeals which held prior to the enactment of R.C. 3105.18(H) that an order to liquidate business assets and real estate to facilitate the subsequent division of property and to pay, *inter alia,* attorney fees prior to the final disposition of a divorce proceeding constitutes a final appealable order under R.C. 2505.02 to which Civ.R. 54(B) does not apply. *Joseph v. Joseph* (Jan. 25, 1988), Stark App. No. CA–7126, unreported, 1988 WL 8490.

The *Joseph* court reasoned that such an order mandating the sale of marital assets prior to disposition of the entire case is similar to a foreclosure decree, where the order of sale is immediately appealable although the action is not yet concluded, since it is impossible as a practical matter to unwind the sale if the order is later found to be erroneous. *Id.* at 7 (citing *Third Natl. Bank of Circleville v. Speakman* [1985], 18 Ohio St.3d 119, 18 OBR 150, 480 N.E.2d 411). The *Joseph* court stated as follows:

"We conclude that the order of the trial court, in effect liquidating the businesses of the parties by a procedure akin to receivership or partition, so impacts with finality the rights of the respective parties as to 'affect a substantial right' of these parties. The sale of the business assets would be an event from which the trial court and the parties could hardly retrench in the event it was determined the judgment was in error." *Id.* at 6–7.

The "Order" in the case *sub judice* directed defendant to liquidate numerous condominiums within sixty days, distribute $50,000 of the proceeds to plaintiff's attorney and place an additional $50,000 in escrow to ensure payment of possible future attorney fees and expenses of litigation. Ordering such an immediate wholesale sacrifice sale of real property accumulated over the course of years is not commercially reasonable and may irrevocably deprive both parties from realizing the fair market value of the assets to their detriment and "so impacts with finality the rights of the respective parties" to constitute an order made in a "special proceeding" warranting an immediate appeal prior to the final disposition of the entire case. See *Van Fossen v. Van Fossen* (1988), 47 Ohio App.3d 175,

547 N.E.2d 1237 (court-ordered auction of marital property "forthwith" as part of divorce decree reversed as an abuse of discretion).

As noted by the *Van Fossen* court, the role of the domestic relations court is to resolve the parties' disputes in a fair and equitable manner at a difficult time in their lives rather than embroiling them in further litigation. *Id.* at 176, 547 N.E.2d at 1238. Ordering an immediate wholesale sacrifice sale of real property without regard to market conditions constitutes an abuse of discretion. *Id.* Any losses sustained by the parties as a result of the liquidation of the marital property would be irreparable as a practical matter and unnecessary since much of the proceeds are ordered to be stored in a bank account to hold for possible future expenses. R.C. 3105.18(H) governs the payment of reasonable interim attorney fees and it is an abuse of discretion for the domestic relations judge to order immediate payment of substantial *prospective* attorney fees since the effect is to mandate extending credit to counsel for an opposing party who renders services only at the discretion of the client and who may not continue to provide services until final disposition of the case. Accordingly, plaintiff's motion to dismiss is not well taken and is hereby denied.

Prior to considering the merits of the parties' respective arguments concerning the "Order," this court must address one other preliminary matter. Defendant's brief on appeal does not separately brief and argue his eleven assignments of error as mandated by App.R. 12(A).[4] Consequently, the court shall disregard the assignments of error which are not properly briefed and argued and address only defendant's fifth, sixth and eighth assignments of error which are properly executed. *Jackson v. Jackson* (Dec. 26, 1991), Cuyahoga App. No. 59459, unreported, 1991 WL 280984. We shall address defendant's sixth assignment of error first.

# I

Defendant's sixth assignment of error follows:

"The lower court committed prejudicial error in finding plaintiff's motion for interim fees and costs well taken and granting same."

Defendant's sixth assignment of error is well taken.

Defendant argues plaintiff did not sufficiently demonstrate the "reasonableness" of the direct payment to plaintiff's counsel of $50,000 within seven days or the total award of $100,000 in interim attorney fees, or that plaintiff would be

---

4. Defendant's three arguments set forth in his brief on appeal are set forth in the Appendix following defendant's eleven assignments of error.

prevented from fully litigating her rights or adequately protecting her interests in the case without such an immediate payment or award.

Appellate review of attorney fee awards in domestic relations actions is not intended to deny awards of reasonable attorney fees and is limited to determining whether (1) the factual considerations upon which the award was based are supported by the manifest weight of the evidence, or (2) the domestic relations court abused its discretion. *Linehan v. Linehan* (1986), 34 Ohio App.3d 124, 517 N.E.2d 967 (citing *Swanson v. Swanson, supra,* 48 Ohio App.2d at 90, 2 O.O.3d at 68, 355 N.E.2d at 898). An " 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

We note that R.C. 3105.18(H) authorizes domestic relations courts to order the payment of *reasonable* interim attorney fees for *completed* services upon proper application from time to time during the course of the proceedings and not *prospective* attorney fees at the inception of a case as in the "Order" *sub judice.* Moreover, an award of reasonable attorney fees must be predicated upon evidence submitted by the movant demonstrating the reasonable value of actual services performed and itemized to the party pursuant to Dom.Rel.Loc.R. 21(B). See, also, *Swanson v. Swanson, supra* (mere multiplication of the hourly rate by the number of hours expended without evidentiary support is insufficient).

The record demonstrates that prior to the filing of plaintiff's motion for interim attorney fees and costs counsel for plaintiff had received a $1,500 retainer and billed plaintiff a total of $3,177.68 for services rendered. Counsel for plaintiff presented a bill at the hearing for additional services in the amount of $24,970 based upon 51.3 hours at $250 per hour and 59.8 hours performed by an associate at $150 per hour.[5] However, counsel for *plaintiff offered no testimony concerning the "reasonableness" of any of the fees in the original or supplemental invoices.* In addition, the domestic relations court did not consider whether plaintiff would be prevented from fully litigating her rights without an award of reasonable interim attorney fees in light of her counsel's statement at the final hearing that counsel would continue to provide services without payment until the conclusion of the case.

Based upon our review of the record, we find that the "Order" mandating payment of $50,000 within seven days and the total award of $100,000 in attorney fees is unsupported by the evidence and constitutes an abuse of discretion.

---

5. Plaintiff's Exhibit 6 likewise included $461.50 in court reporter fees and $6,247.50 in appraiser's fees neither one of which is properly recoverable as "attorney fees" pursuant to R.C. 3105.18(H).

Under the circumstances, such an award improperly circumvents the requisite finding of the "reasonableness" of such an award pursuant to R.C. 3105.18(H), Civ.R. 75(M) and Dom.Rel.Loc.R. 21.

Accordingly, defendant's sixth assignment of error is well taken and the judgment of the trial court is reversed in its entirety and remanded for further proceedings consistent with this opinion. The court shall address defendant's remaining assignments of error pursuant to App.R. 12(A).

## II

Defendant's eighth assignment of error follows:

"The lower court committed prejudicial error in including an amount for appraisers' charges in its award."

Defendant's eighth assignment of error lacks merit.

Defendant contends the "Order" improperly awarded plaintiff appraiser fees due to the fact the trial court improperly excluded testimony at the hearing that plaintiff's appraisers would continue to provide services without such interim payments. However, our review of the terms of the "Order" demonstrates the "Order" makes absolutely no reference of any kind to the payment of appraiser fees.

Although the hearing transcript and exhibits indicate that such evidence was presented by plaintiff, the trial court is presumed to consider "only the relevant, material and competent evidence in arriving at a judgment, unless the contrary affirmatively appears from the record." *State v. Crisp* (Dec. 13, 1990), Cuyahoga App. No. 57805, unreported, at 9, 1990 WL 204054. Defendant has failed to exemplify any error. *Id.*

Accordingly, defendant's eighth assignment of error is overruled.

## III

Defendant's fifth assignment of error follows:

"The lower court committed prejudicial error in finding that defendant-appellant has the ability to pay what the court awarded."

Defendant's fifth assignment of error lacks merit.

Defendant contends plaintiff did not adequately demonstrate defendant has the "ability to pay" the award for interim attorney fees of $50,000 within seven days or the total award of $100,000 within sixty days. Defendant argues the evidence demonstrated his annual income of approximately $287,000 not including profit sharing benefits, or $22,814 per month was consumed by monthly expenses of

$22,685, and the trial court did not authorize the use of any of the assets subject to restraining orders as collateral for the purpose of obtaining a loan.

Although we reverse the trial court's attorney fee award based upon defendant's sixth assignment of error under the facts of this case, we reject defendant's contention that a domestic relations court is prohibited from ordering the *commercially reasonable* sale of marital property to satisfy reasonable court-ordered interim attorney fee awards for completed services. As we have noted, funding such an award by ordering an immediate wholesale sacrifice sale of real property accumulated over years without regard to market conditions or considering less draconian alternatives constitutes an abuse of discretion. Nevertheless, contrary to defendant's argument, a party's "ability to pay" reasonable court-ordered attorney fees encompasses more than the party's current income flow or credit limitations and may include court-ordered asset sales under appropriate circumstances after considering other alternatives to adequately protect the parties' respective interests.

Moreover, we note that in the case *sub judice* there was evidence at the hearing that defendant obtained a short-term loan in the amount of $7,500 from the Oatey Company for a down-payment to obtain a new residence valued at $315,000 despite the stated company policy against making loans. The domestic relations court could properly consider this evidence when making an award. Contrary to plaintiff's contention, defendant's ability to post the $100,000 supersedeas bond within two weeks of the journalization of the "Order" to stay execution of the "Order" does not demonstrate his claimed inability to pay is a sham.

Accordingly, defendant's fifth assignment of error is overruled.

The judgment of the domestic relations court is reversed in its entirety and the domestic relations court is directed on remand to scrutinize any subsequent attorney fee motion under the *Swanson* criteria based upon evidence properly submitted to the domestic relations court demonstrating the reasonable value of actual services performed by counsel and itemized to the movant prior to filing the motion. Any orders pertaining to the issue *sub judice,* entered by the domestic relations court to enforce the "Order" after the domestic relations court was divested of jurisdiction and the stay granted by this court of appeals, shall have no force or effect.

Judgment reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FRANCIS E. SWEENEY, P.J., and JOHN F. CORRIGAN, J., concur.

266

Defendant's eleven assignments of error follow:

"Assignment of Error 1.

"The lower court abused its discretion and committed prejudicial error when it excluded evidence that plaintiff's attorney would continue to represent plaintiff through final hearing without being paid interim attorney's fees.

"Assignment of Error 2.

"The lower court abused its discretion and committed prejudicial error when it permitted testimony concerning projections of prospective future appraisers' charges.

"Assignment of Error 3.

"The lower court abused its discretion and committed prejudicial error when it excluded evidence that plaintiff's appraiser would continue to perform services for plaintiff and plaintiff's attorney even though the appraiser's monthly bills were not paid as submitted.

"Assignment of Error 4.

"The lower court committed prejudicial error in finding that plaintiff will be prevented from fully litigating her rights.

"Assignment of Error 5.

"The lower court committed prejudicial error in finding that defendant-appellant has the ability to pay what the court awarded.

"Assignment of Error 6.

"The lower court committed prejudicial error in finding plaintiff's motion for interim fees and costs well taken and granting same.

"Assignment of Error 7.

"The lower court committed prejudicial error in awarding plaintiff $100,000 as interim attorney's fees.

"Assignment of Error 8.

"The lower court committed prejudicial error in including an amount for appraisers' charges in its award.

"Assignment of Error 9.

"The lower court committed prejudicial error in not rescinding its award when it appointed a valuation expert/special referee to determine property values, ordered defendant-appellant to pay $15,000 by September 16, 1991 for the initial

costs of his services, and authorized the valuation expert/special referee to have additional experts appointed to assist in appraising property.

"Assignment of Error 10.

"The lower court committed prejudicial error in ordering defendant-appellant to pay $50,000 to plaintiff's counsel within seven days.

"Assignment of Error 11.

"The lower court erred in ordering the sale of nine condominiums and the first $50,000 from the sales proceeds to be paid to plaintiff's counsel, and the balance to be held in escrow pending further order of court."

Defendant's three arguments set forth in his brief on appeal follow:

"I.  As required by the statute which governs plaintiff's motion, O.R.C. Section 3105.18(H), the evidence did not establish that plaintiff-appellee would be prevented from fully litigating her rights and adequately protecting her interests if the lower court did not award reasonable attorney's fees at this stage of the proceedings—to the contrary, the evidence established that plaintiff-appellee would not be prevented from fully litigating her rights and adequately protecting her interests if the lower court did not award reasonable attorney's fees at this stage of the proceedings.

"II.  The statute which governs plaintiff's motion, O.R.C. Section 3105.18(H), authorizes the court, under certain prescribed conditions that were not satisfied here, to award 'reasonable attorney's fees'—it does not authorize the court to award appraisers' charges as it did here.

"III.  Even though the statute which governs plaintiff's motion, O.R.C. Section 3105.18(H), so requires, the evidence did not establish that appellant has the ability to pay what the lower court awarded—to the contrary, the evidence established that appellant does not have the ability to pay what the lower court awarded."