JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant Ronald M. Plata ("husband") appeals the judgment of the domestic relations court's division of property and award of attorney fees. On appeal, he assigns the following errors for our review:
 {¶ 2} "I. The trial court erred and abused its discretion in failing to properly recognize the separate property interests of the defendant in its division of property."
 {¶ 3} "II. The trial court erred and abused its discretion in awarding attorney fees."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 5} The parties were married on July 17, 1982 and two children were born of the marriage.[1] Appellee, Tina M. Plata ("wife") filed for divorce on March 1, 2001.
 {¶ 6} A hearing was conducted on July 16, 17 and 23, 2002. Thereafter, the trial court entered a thirty-one page opinion in which it gave the husband custody of the minor child and divided the property of the parties. In dividing the property, the trial court took into consideration the evidence that was presented at the hearing, showing that the husband had violated several restraining orders by raiding several different bank accounts and certificate of deposits, in an attempt to hide the funds.
 {¶ 7} On appeal, the husband contests the division of the property and the trial court's award of attorney fees to the wife.
 {¶ 8} In his first assigned error, the husband argues that the trial court erred by finding the $37,000 down payment on the marital home was marital property, failing to award him the appreciation on the down payment, and by finding an Ohio Savings certificate of deposit was marital property.
 {¶ 9} R.C. 3105.171(A)(6)(b) states that "the commingling of separate property with other property does not destroy the identity of the separate property, except when the separate property is not traceable." The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property.[2] The trial court's factual findings relating to classification of property as marital or separate "are reviewed to determine whether they are supported by competent, credible evidence."[3] The trial court's property award will not be reversed absent an abuse of discretion.[4]
 {¶ 10} The trial court did not abuse its discretion by finding the down payment on the marital house was marital property. Although the husband contended that the $37,000 for the down payment came from money he had saved prior to the marriage, he failed to submit any documentation in support of this contention. Although he submitted his tax records indicating he had interest-bearing accounts in 1981 and 1982, the tax records failed to state the amount he had in savings or the interest rate he was earning at the time. There was also no proof that the alleged savings were entirely used as a down payment on the house. The wife conceded that part of the amount of the down payment consisted of the husband's premarital savings, but that part of the down payment was also provided by the husband's parents as a marital gift.
 {¶ 11} When there is conflicting testimony as to the amount of separate property in a marital home and no documentation is offered in support of either parties' testimony, the trial court does not abuse its discretion by concluding that the entire marital home was marital property and none of it constituted separate property.[5] This is especially true in the instant case where the husband's credibility is at issue due to his violation of several restraining orders concerning several bank accounts.
The trial court was therefore within its discretion in concluding that due to the lack of supporting evidence, the husband's claim that the down payment was separate property was not sufficiently traced; therefore, the asset had become commingled into the marital estate during the parties' twenty-year marriage.
 {¶ 12} Since the trial court could not trace the down payment of the home, the husband's contention he should have received the appreciation value of the down payment is moot.
 {¶ 13} The trial court also did not abuse its discretion by finding that an Ohio Savings certificate of deposit containing $20,994, was marital property.
 {¶ 14} Although the husband contended at the hearing that the certificate of deposit belonged to his invalid mother, and that his name was on the account so that he could oversee her and his father's finances, the trial court found his behavior regarding the account suspicious and his contention not credible.
 {¶ 15} The evidence indicated that two weeks after the wife had filed for divorce, the husband withdrew the funds from the certificate of deposit in violation of a temporary restraining order. The husband withdrew the funds by requesting four checks made payable to himself in the amount of $5,000 each. He then held these checks for approximately two months before depositing each check into four separate bank accounts. The newly opened accounts were not in his mother's name, but were placed in the husband's name and one account in the parties' son's name. According to the husband, he opened up the different accounts at the different banks in order to receive free appliances the various banks were offering in exchange for opening a new account.
 {¶ 16} The funds from the accounts were depleted and the husband could not account for what happened to the funds. Based on this evidence, the trial court concluded, "The Court can only find, based upon this very unusual behavior, that these were marital funds that he was attempting to hide from not only his soon-to-be ex-wife, but the Court as well."[6]
 {¶ 17} Given the suspicious nature surrounding the husband's handling of the funds, we cannot say the trial court abused its discretion by finding the certificate of deposit was a marital asset. Credibility of witnesses and the weight given to evidence are matters to be determined by the trier of fact.[7] This court will not substitute its judgment for that of a judge on matters of credibility. Accordingly, the husband's first assigned error is overruled.
 {¶ 18} In his second assigned error, the husband argues that the trial court erred by ordering him to pay a portion of the wife's attorney fees because he does not have the financial ability to do so.
 {¶ 19} When awarding attorney fees, the trial court must consider the same factors considered when making an award of spousal support.[8]
Two important considerations are the financial ability of the payor spouse and whether a failure to award reasonable attorney fees will prevent either party from fully litigating his or her rights and adequately protecting his or her interests.[9] An award of attorney fees will not be disturbed unless it constitutes an abuse of discretion or is unsupported by the weight of the evidence.[10]
 {¶ 20} In the instant case, the parties stipulated to the reasonableness of the fees and the trial court indicated that the husband had the financial ability to pay the $7,500 in fees.[11] In concluding this, the trial court found:
 {¶ 21} "The Court finds that unless the Plaintiff is awarded a portion of her attorney fees, her ability to have protected herself would have been jeopardized. Specifically, she would have been required to pay a portion of her property settlement for fees that were not caused by her behavior but necessary because of the non-cooperation by the Defendant. The Court is taking into account the income of the parties, their assets and liabilities. The Court finds that under R.C. 3105.18(C)(1)(a) through (n), Mr. Plata has the ability to contribute to the fees of Mrs. Plata and not only does she have the need, but equity requires it. Meister v.Meister (Oct. 12, 2000), Cuyahoga App. No. 77110; Oatey v. Oatey (1992),83 Ohio App.3d 251, 263, 614 N.E.2d 1054."[12]
 {¶ 22} Given that the trial court considered the appropriate factors and the evidence supports the award, we find the trial court did not abuse its discretion by ordering the husband to pay approximately half of the wife's attorney fees.
 {¶ 23} The husband's second assigned error is overruled.
COLLEEN CONWAY COONEY, J., and TIMOTHY E. McMONAGLE, J. CONCUR.
[1] One child was emancipated at the time of the divorce.
[2] Munroe v. Munroe (1997), 119 Ohio App.3d 530, 536, quoting Peck v.Peck (1994), 96 Ohio App.3d 731, 734; Zeefe v. Zeefe (1998),125 Ohio App.3d 600, 614.
[3] Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159.
[4] Id.
[5] Peck v. Peck, 96 Ohio App.3d at 734-735; Martin v. Martin (Dec. 20, 2001), 8th Dist. Nos. 79219, 79388.
[6] Trial Court opinion at 7.
[7] Simoni v. Simoni (1995), 102 Ohio App.3d 628, 634, appeal not allowed (1995), 73 Ohio St.3d 1453.
[8] Williams v. Williams (1996), 116 Ohio App.3d 320, 328.
[9] Id.; Neel v. Neel (1996), 113 Ohio App.3d 24, appeal dismissed (1997), 77 Ohio St.3d 1514.
[10] Id.; Williams at 328.
[11] Although the husband stresses that he was ordered to mortgage his property in order to pay the wife $77,000 in cash, this amount was to equalize the division of marital assets.
[12] Trial Court Opinion at 20.