[Cite as *Grover v. Dourson*, 2018-Ohio-1456.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| NEERU GROVER, | : | |
| | | CASE NO. CA2017-09-009 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 4/16/2018 |
| - vs - | : | |
| | : | |
| STEPHEN E. DOURSON, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 15DR006532


Rogers & Greenberg, LLP, L. Anthony Lush, 40 N. Main Street, Suite 2160 Kettering Tower, Dayton, Ohio 45423, for plaintiff-appellee

Kirkland & Sommers Co., LPA, Craig M. Sams, 10532 Success Lane, Dayton, Ohio 45458, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Stephen E. Dourson, appeals from the decision of the Preble County Court of Common Pleas, Domestic Relations Division, ordering him to pay $10,000 in interim attorney fees to trial counsel for plaintiff-appellee, Neeru Grover. For the reasons outlined below, we dismiss this appeal for lack of a final appealable order.

**Facts and Procedural History**

{¶ 2} Dourson and Grover were married in Ludhiana, Punjab, India on October 25, 2007. The couple have two children born issue of the marriage. On February 2, 2015, Grover filed for divorce. Shortly thereafter, on February 9, 2015, Dourson also filed for divorce. The parties competing complaints were subsequently consolidated by the trial court on February 11, 2015. At the time they filed their respective complaints, it is undisputed that both Grover and Dourson were represented by counsel.

{¶ 3} On February 20, 2015, Grover moved the trial court to award her interim attorney fees in the amount of $1,600. In support of this motion, Grover alleged that she was the "disadvantaged party" since "[s]he has little income while [Dourson] has significant income and earnings." Grover further alleged that she would not be able to defend her interests without an award of interim attorney fees. Although a hearing on the matter was held before a trial court magistrate on March 18, 2015, an agreed entry was thereafter filed with the trial court indicating the parties had agreed to have any decision on Grover's request for interim attorney fees "deferred to a future time."

{¶ 4} On March 31, 2015, the magistrate issued a decision ordering Dourson to make monthly payments of $900 in child support and $800 in spousal support "by payroll deduction/deposit directly into [Grover's] bank account as has been done since 2014." The magistrate then scheduled the matter for a contested final hearing on the parties' complaints for August 4, 2015, with the final pretrial hearing scheduled for July 10, 2015.

{¶ 5} On April 16, 2015, Grover's counsel moved the trial court for leave to withdrawal as counsel. However, before the trial court issued a decision on the matter, Grover's counsel rescinded her motion. Thereafter, on June 16, 2015, Grover's counsel again moved the trial court for leave to withdrawal as counsel. In support of this motion, Grover's counsel notified the trial court that "there is a difficulty in communicating with

[Grover]," an assertion which Grover did not dispute. The following week, on June 23, 2015, a magistrate issued an entry granting Grover's trial counsel leave to withdrawal as counsel. As part of this entry, the magistrate cautioned Grover that "she needs an attorney." Shortly thereafter, upon Dourson's request, the magistrate rescheduled the contested final hearing on the parties' complaints for October 6, 2015.

{¶ 6} On October 2, 2015, four days before the contested final hearing was scheduled to begin, Grover's newly retained trial counsel filed his notice of appearance with the trial court. Three days later, on October 5, 2015, Grover's new counsel moved for a continuance of the final hearing scheduled to begin the following day. Finding a continuance was necessary, the trial court granted Grover's motion for a continuance and rescheduled the contested final hearing for March 1, 2016.

{¶ 7} On November 5, 2015, Grover moved the trial court to award her interim attorney fees in the amount of $3,500. In support of this motion, Grover stated that she was the "economically disadvantaged spouse in this instance as she is a cosmetologist with no formal high school diploma while [Dourson] is an engineer who earns at least $80,000.00 per year from employment." Grover further stated that it "would be inequitable for [her] not to have attorney fees awarded in this instance to allow her to pursue [her] case." Although a hearing on this issue was held before the magistrate on December 1, 2016, the record does not contain any orders or entries addressing the issue of interim attorney fees.

{¶ 8} On February 23, 2016, Grover moved for another continuance of the contested final hearing so that arrangements for an interpreter could be made. The trial court granted Grover's motion and thereafter rescheduled the contested final hearing to be held over a three-day period on June 21 through June 23, 2016.

{¶ 9} On June 21, 2016, the parties appeared before a magistrate for the contested final hearing. However, due to the interpreter falling ill before the second day of testimony

began, the magistrate was forced to continue the matter in progress, thus ordering the parties to return for an additional three days on November 8 through November 10, 2016. When those dates again proved insufficient, the magistrate continued the matter in progress for an additional two days on January 31 and February 2, 2017, before the matter ultimately concluded on April 3, 2017. Nearly a month later, after the parties submitted their written closing arguments, the magistrate took the matter under advisement.

{¶ 10} On July 25, 2017, the magistrate issued a 22-page decision finding the parties were incompatible and entitled to a divorce. The magistrate also found that it was in their children's best interest to designate Grover as residential parent and sole legal custodian, whereas Dourson was granted parenting time. The magistrate further ordered Dourson to pay approximately $1,300 per month in child support, an amount that would remain unchanged so long as Dourson provided the children's health insurance, and $900 per month in spousal support. Finally, upon finding Grover had established a financial need for assistance in paying her attorney fees, and that the fees her attorney had incurred were reasonable, the magistrate ordered Dourson to pay 74 percent of Grover's attorney fees incurred, an amount that totaled $44,678.24.[1]

{¶ 11} On August 7, 2017, Dourson filed his initial objections to the magistrate's decision. In response, on August 11, 2017, Grover moved the trial court for an order of interim attorney fees in the amount of $10,000. In support of this motion, Grover's trial counsel stated, in pertinent part, the following:

> Counsel states that to-date he has not been paid any funds and despite a substantial award for attorney fees with the predication that [Dourson] would continue all avenues of legal pursuit in an effort to ongoingly financially hinder [Grover's] ability to continue with this case without the court's award of attorney fees. [Dourson] has, in fact, proven his desire and intent to move

1. The trial court magistrate ordered Dourson to pay 74 percent of Grover's attorney fees based on the then current child support calculation worksheet, which figured the parties' proportional incomes to be 74 percent to Dourson and 26 percent to Grover.

forward at the expense of the lack of financial resources of [Grover]. Accordingly, [Grover] is requesting that interim attorney fees in the amount of $10,000 be awarded to be credited to any future and ongoing award in this case to be paid through the offices of her attorney directly payable to counsel and/or his firm within fourteen (14) days of this motion.

Concluding, Grover's trial counsel then stated:

As the Court will note from the Magistrate's Decision, [Grover] is responsible for approximately one-fourth (1/4) of the attorney fees in this case that she has incurred despite the fact that she has never earned more than $8,000 in any given year since being moved to this country by [Dourson]. She has already had a substantial handicap in having to pay fees as ordered by the Court and will require immediate and additional aid for fees in this matter.

{¶ 12} On August 18, 2017, the trial court issued an entry advising the parties that Grover's motion for interim attorney fees would be considered on written memoranda only, memoranda that was to be filed with the trial court no later than August 23, 2017. As a result, on August 21, 2017, Dourson filed his memorandum in opposition to Grover's motion for interim attorney fees. As part of this memorandum, Dourson argued he should not be ordered to pay any interim attorney fees because, among other reasons, "[Grover] did not enter into a fee agreement with her Counsel and, therefore, is not legally obligated to pay any attorney fees incurred." Later that same day, the trial court issued an entry granting Grover's motion, thus ordering Dourson to "immediately pay to [Grover's] counsel the sum of $10,000.00 as and for interim attorney fees subject to further order of this court. Said funds shall be paid within fourteen (14) days from the date stamped on this entry."

{¶ 13} On September 5, 2017, while his objections to the magistrate's decision were still pending, Dourson filed a notice of appeal with this court challenging in a single assignment of error the trial court's decision ordering him to pay $10,000 in interim attorney fees. Several weeks later, on September 25, 2017, Grover moved this court to dismiss Dourson's appeal claiming the trial court's order from which Dourson appealed was not a

final appealable order. Relying on the decision of the Eighth District Court of Appeals in *Oatey v. Oatey*, 83 Ohio App.3d 251 (8th Dist.1992), this court's magistrate summarily denied Grover's motion to dismiss.

{¶ 14} On November 3, 2017, Grover filed objections to the magistrate's decision denying her motion to dismiss, which this court also denied. In so holding, this court stated:

> The magistrate found that the decision and entry granting interim and additional ongoing attorney fees constituted a final appealable order because it affected a substantial right made in a special proceeding pursuant to R.C. 2505.02(B)(2). The magistrate found that the memoranda filed by the parties in support of and in opposition to the motion indicated that review of the decision appealed from after final judgment would not be practicable, and that the failure to provide interim fees might harm the fairness of the proceeding and impact the prompt and orderly disposition of the litigation. The magistrate cited a 1992 Eighth District Court of Appeals case, *Oatey v. Oatey*, 83 Ohio App.3d 251 (8th Dist. Cuyahoga 1992).
>
> The *Oatey* case does involve a situation where the husband was ordered to liquidate a substantial amount of property to prove attorney fees that he could not later recover if he was not allowed an immediate appeal. The *Oatey* case also concerns R.C. 3105.18(H), which has since been relocated elsewhere in the revised code. However, domestic relations court proceedings are special proceedings under R.C. 2505.02, and the order granting interim additional and ongoing attorney fees does affect a substantial right. On that basis, the order appealed from arguably constitutes a final appealable order.

Concluding, this court stated:

> Based on the forgoing, the objection to the magistrate's decision is DENIED. The court reserves the right to address this issue in greater detail once this appeal is submitted for decision on the merits.

{¶ 15} The case now submitted to this court for a decision on the merits, we find it appropriate to more fully address Grover's motion requesting this court dismiss Dourson's appeal for lack of a final appealable order, a request she renewed as part of her appellate brief.

- 6 -

## Final Appealable Order

{¶ 16} Pursuant to Ohio Constitution Article IV, Section 3(B)(2), this court has jurisdiction over judgments and orders that are deemed "final." *Gauthier v. Gauthier*, 12th Dist. Warren No. CA2011-05-048, 2012-Ohio-3046, ¶ 21. What constitutes a "final" order is defined in R.C. 2505.02, which, as applicable here, includes "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" R.C. 2505.02(B)(2). In other words, "[f]inal orders are generally those that dispose of the whole case or some separate and distinct branch of it, and leave nothing for future determination." *Dudley v. Dudley*, 12th Dist. No. CA2010-05-114, 2012 Ohio 225, ¶ 12. Conversely, this court does not have jurisdiction over "interlocutory orders," orders that are defined by Black's Law Dictionary as "an order that relates to some intermediate matter in the case; any order other than a final order."

{¶ 17} As noted above, this court denied Grover's motion to dismiss for lack of a final appealable order upon finding "domestic relations court proceedings are special proceedings under R.C. 2505.02, and the order granting interim additional and ongoing attorney fees does affect a substantial right." Although not explicit, this court's decision was based on the Eighth District's decision in *Oatey*, a case in which that court held the award of interim attorney fees at issue in that case was a final appealable order since the order:

> falls within the narrow range of cases warranting immediate review based upon a substantial likelihood of extreme and irreparable harm since the attorney fee award is funded by an immediate court ordered sacrifice sale of substantial property *and* mandates payment of prospective fees to a non-party without any provision for reimbursement.

(Emphasis added.) *Oatey*, 83 Ohio App.3d at 261.

{¶ 18} In making this decision, however, the Eighth District recognized the generally well-established principle that:

immediate appeals from attorney fee awards would under most circumstances constitute unwarranted interference with the timely resolution of domestic relations actions since the awards would be subject to reconsideration prior to final judgment in each case and could be adequately reviewed at that time.

*Id.*

{¶ 19} Following its decision in *Oatey*, the Eight District determined that an order directing an appellant to pay "*prospective* interim attorney fees and expenses directly to appellee's counsel" was a final appealable order since "the effect of such order is to mandate extending credit to counsel for an opposing party who renders services only at the discretion of the client and who may not continue to provide services until final disposition of the case, if at all." (Emphasis added and internal quotation marks deleted.) *DeWerth v. DeWerth*, 8th Dist. Cuyahoga Nos. 63320 and 63429, 1993 Ohio App. LEXIS 721, *10 (Feb. 11, 1993). This, according to the Eighth District, is different than a trial court's decision to award alimony during the pendency of divorce litigation since "they are subject to reconsideration prior to final judgment and could be adequately reviewed when a final judgment is entered." *Id.* at *11.

{¶ 20} With these principles in mind, and after a full and thorough review of the record properly before this court, we find the trial court's decision ordering Dourson to pay $10,000 in interim attorney fees is not a final appealable order subject to review by this court. Unlike the orders at issue in *Oatey* and *DeWerth*, the trial court's interim order in this case did not direct Dourson to pay "prospective" interim attorney fees for services that Grover's trial counsel may not ever incur. Rather, as Grover's motion for interim attorney fees reveals, the interim order in this case was intended to relieve the financial burden placed on her trial counsel and serve as a credit towards the $44,678.24 in attorney fees the magistrate ordered Dourson to pay. This case is therefore clearly distinguishable from the Eighth District's decisions in both *Oatey* and *DeWerth*.

{¶ 21} This case is also distinguishable from *Oatey* in that the interim attorney fees Dourson was order to pay were not to be funded "by an immediate court ordered sacrifice sale of substantial property * * *." *Id.*, 83 Ohio App.3d at 261. In other words, because the payment of the interim attorney fees in this case was not predicated upon Dourson selling any of his property, let alone any "substantial property" interests as in *Oatey*, the "likelihood of extreme and irreparable harm" evident in that case is not present in the case at bar. *Id.* As a result, based on the unique facts and circumstances here, we find the trial court's award of interim attorney fees more closely resembles an alimony award during the pendency of the divorce litigation as discussed in *DeWerth* since both "are subject to reconsideration prior to final judgment and could be adequately reviewed when a final judgment is entered." *Id.* at *11. This is particularly true in this case given the fact that the trial court specifically stated that the award of interim attorney fees at issue was "subject to further order of this court."

## Conclusion

{¶ 22} In light of the foregoing, and upon more closely reviewing this issue, we find the trial court's decision ordering Dourson to pay $10,000 in interim attorney fees to Grover's trial counsel was not a final appealable order. Therefore, because this court's jurisdiction is limited to reviewing only judgments or final orders in accordance with Ohio Constitution Article IV, Section 3(B)(2) and R.C. 2505.02(B)(2), Dourson's appeal must be dismissed. Accordingly, without offering any opinion as to the merits of Dourson's single assignment of error raised herein, Dourson's appeal is hereby dismissed for lack of a final appealable order.

{¶ 23} Appeal dismissed.

HENDRICKSON and PIPER, JJ., concur.