[Cite as *Grover v. Dourson*, 2020-Ohio-4353.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| NEERU GROVER, | : | |
| Appellee, | : | CASE NO. CA2019-07-007 |
| | : | O P I N I O N |
| - vs - | | 9/8/2020 |
| | : | |
| STEPHEN DOURSON, | : | |
| Appellant. | : | |

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 15DR006532

Neeru Grover, P.O. Box 750851, Dayton, Ohio 45475, pro se

Kirkland & Sommers Co., LPA, Craig M. Sams, 10532 Success Lane, Dayton, Ohio 45458, for appellant

**RINGLAND, J.**

{¶1} Appellant, Stephen Dourson ("Father"), appeals a decision of the Preble County Court of Common Pleas, Domestic Relations Division, requiring Father to maintain life insurance policies to secure his child support obligation. For the reasons set forth below, we reverse the trial court's decision.

{¶2} Father and appellee, Neeru Grover ("Mother"), were married in 2007. Disagreements arose between the parties leading to Mother, and then Father, filing for divorce in February 2015. The parties' competing complaints were subsequently

consolidated by the trial court on February 11, 2015. In November 2015, Mother moved the trial court to award her interim attorney fees. Thereafter, in July 2017, the magistrate issued a decision finding the parties were incompatible and entitled to a divorce. In August 2017, Father filed his initial objections to the magistrate's decision. Mother responded by moving the trial court for additional interim attorney fees in the amount of $10,000, which the trial court granted. At that point, Father filed an appeal with this court, arguing the trial court erred in ordering him to pay $10,000 in interim attorney fees. *Grover v. Dourson*, 12th Dist. Preble No. CA2017-09-009, 2018-Ohio-1456 ("*Grover I*"). Thereafter, in April 2018, this court found that the trial court's decision ordering Father to pay $10,000 in interim attorney fees to Mother was not a final appealable order. *Id.* at ¶ 22. As a result, this court dismissed Father's appeal. *Id.* at ¶ 23.

{¶3} In June 2018, after this court's dismissal of *Grover I,* the trial court issued a final judgment and decree of divorce. Thereafter, Father challenged a number of provisions in the final divorce decree on appeal to this court. *Grover v. Dourson*, 12th Dist. Preble No. CA2018-07-007, 2019-Ohio-2495 ("*Grover II*"). Relevant to the instant appeal, one of the provisions Father disputed in *Grover II* ordered Father to name the children as the beneficiaries of at least $250,000 in life insurance on his life as long as Father has an obligation to pay child support. In relevant part, that provision stated the following:

> Each party shall retain any life insurance as their sole and separate property holding the other party harmless thereon free to designate beneficiaries of their choosing consistent with the provisions herein. [Father] shall maintain life insurance policies on his life for the benefit of the minor children in the amount of at least $250,000 so long as there is an outstanding obligation for child support.
>
> In the alternative, [Father] may maintain his trust as the beneficiary of the policies so long as it provides that upon his death the children shall receive all of the income earned from the proceeds of the policies in quarterly installments and so much of the principal as the children reasonably need for their

education and general welfare or other terms acceptable to [Mother] and her counsel.

{¶4}     On appeal, Father argued the trial court abused its discretion when it ordered him to maintain a life insurance policy for the benefit of the children that exceeds the amount of child support he is required to pay.

{¶5}     In June 2019, we issued *Grover II*, which reversed the trial court's decision and remanded the cause for further proceedings. In our opinion, we found the trial court abused its discretion in ordering Father to name the children as the beneficiaries of at least $250,000 in life insurance on his life as long as he has an obligation to pay child support. *Grover II*, 2019-Ohio-2495 at ¶ 72. Specifically, we found that, even if securing a child support obligation with a life insurance policy is permitted, such orders must be structured in a manner that the child will only receive that portion of the insurance proceeds equal to the amount of support the child would have received if the parent remained alive. *Id*. at ¶ 51. We noted that at the time of Father's appeal, he was required to pay a total of $1,237.86 per month for child support. *Id*. at ¶ 49. Thus, pursuant to the trial court's order, the children, given their ages, would be entitled to receive approximately $50,000 more pursuant to the trial court's order than what they would receive if Father remained alive. *Id*. at ¶ 51. We further discussed Father's social security benefits, and concluded that any risk of Father's premature death is offset by the social security benefits the children would receive. *Id*. at ¶ 52. This is due to Father's current eligibility for social security retirement, and, should he die, the children will receive social security survivor benefits of approximately $1,918 per month, which exceeds Father's current monthly child support order. *Id*.

{¶6}     Following our remand in *Grover II*, the trial court issued a Post Appellate Decision Amended Final Judgment and Decree of Divorce (the "Amended Final Judgment"). In the Amended Final Judgment, the trial court revised the provision requiring

Father to maintain a life insurance policy to secure his child support obligation. In doing so, the trial court removed the language requiring Father to maintain a life insurance policy as long as he has an obligation to pay child support but conditioned Father's ability to name his trust the beneficiary of his private insurance policies upon his designation that the children receive all income from the policies as Mother deems acceptable to provide for their general welfare and education.

{¶7} Father now appeals, raising one assignment of error for our review.

{¶8} Assignment of Error No. 1:

{¶9} THE TRIAL COURT ABUSED ITS DISCRETION AND FAILED TO FOLLOW THE MANDATE OF THIS COURT AS PROVIDED IN THE JUNE 24, 2019 OPINION AND JUDGMENT ENTRY.

{¶10} Father argues the trial court's Amended Final Judgment circumvents our mandate reversing the trial court's requirement that Father must name the children as the beneficiaries of at least $250,000 in life insurance on his life so long as he has an obligation to pay child support. According to Father, the Amended Final Judgment still requires Father to maintain life insurance securing his child support obligation without any attempt to structure the provision to coincide with this court's June 24, 2019 decision in *Grover II*. We agree.

{¶11} The trial court possesses considerable discretion in child support matters. Thus, the decision of the trial court will be reversed only if it is the product of an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St. 3d 386, 390 (1997). "Abuse of discretion" is described as "more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 219 (1983).

{¶12} In the Amended Final Judgment, the trial court stated the following regarding

Father's life insurance policies:

> Each party shall retain any life insurance as their sole and separate property holding the other party harmless thereon free to designate beneficiaries of their choosing consistent with the provisions herein.
>
> Defendant may maintain his trust as the beneficiary of the life insurance policies of $250,000.00 and $500,000.00 on his life so long as it provides that upon his death the children shall receive all of the income earned from the proceeds of the policies in quarterly installments and so much of the principal as the children reasonably need for their education and general welfare or other terms acceptable to [Mother] and her counsel. The trust shall also provide that if the children's custodian requests a distribution from the trust for the children that the trustee rejects, this Court or appropriate probate court shall have jurisdiction to resolve the dispute.

{¶13} The record reflects Father currently maintains two private life insurance policies. The first policy is for $250,000 and the second policy is for $500,000. Father's trust is the beneficiary of the two private life insurance policies, and Father testified he wished to keep the trust as the beneficiary of the policies. According to Father, the trust was created ten years prior to his marriage to Mother. Although the trust documents were not introduced into evidence, Father claims the trust provides that, aside from small bequests, the assets of the trust are to be held for the benefit of the children.

{¶14} In light of the amended provision, Father argues the trial court abused its discretion in ordering that, if Father names his trust the beneficiary of his life insurance policies, the children must receive all of the income earned from the proceeds of the policies and so much of the principal as the children reasonably need for their education and general welfare or other terms acceptable to Mother and her counsel. According to Father, the revised provision still requires Father to maintain life insurance to secure his child support obligation, and gives Mother discretion to "bleed the trust dry" in the event of Father's death.

{¶15} After a review of the record and the trial court's Amended Final Judgment, we

find the trial court's inclusion of the amended life insurance provision constitutes an abuse of discretion. As we noted in our June 2019 decision, an obligor's child support obligation terminates administratively upon the obligor's death. R.C. 3119.88(A)(11). Thus, any provision which extends Father's child support obligation beyond his death is void. However, even if securing a child support obligation with a life insurance policy is permitted, "such orders must be structured in a manner that the child will only receive that portion of the insurance proceeds equal to the amount of support the child would have received if the parent remained alive." *Grover II*, 2019-Ohio-2495 at ¶ 51, quoting *Webb v. Webb,* 2d Dist. Montgomery No. 16371, 1997 Ohio App. LEXIS 5968 (Dec. 31, 1997).

{¶16} As noted above, in reversing the trial court's initial decision, we indicated the court's order that Father maintain life insurance in an amount greater than his total support obligation was an abuse of discretion. On remand, the trial court issued the Amended Final Judgment, wherein the court removed the language expressly requiring Father to "maintain life insurance policies on his life for the benefit of the minor children in the amount of at least $250,000 so long as there is an outstanding obligation for child support." However, despite removing the quoted language, the trial court amended the remainder of the provision regarding Father's life insurance policies, and indicated that if Father's trust remained the beneficiary of the policies, the children were to receive all income earned from his $250,000 and $500,000 life insurance policies as necessary for their education and general welfare, or as otherwise agreed to by Mother. Due to the additional language conditioning the distribution of Father's life insurance policies, we agree with Father that the effect of the provision remains the same as the court's original mandate. Specifically, by conditioning Father's ability to name the trust as the beneficiary of his private life insurance policies upon the requirement that the children receive all income from those policies as deemed acceptable by Mother, the trial court has ensured the children will receive adequate support

for their general welfare if Father dies, and has guaranteed that the children will receive the support they are entitled to during their minority. Accordingly, the amended provision effectively secures Father's child support obligation in the event of his untimely death.

{¶17} This court has already determined that the lesser of Father's life insurance policies, the $250,000 policy, exceeds Father's total child support obligation by approximately $50,000. As a result, the amended provision allows the children to receive more income from the insurance policies than the amount of support they would have received if Father remained alive. Therefore, the provision is unreasonable pursuant to this court's mandate in *Grover II* and the parameters set forth in *Webb*, 1997 Ohio App. LEXIS 5968 at *36. As such, we find the trial court abused its discretion in subjecting Father's trust to more than what is ordered for the children's monthly support.

{¶18} Furthermore, the trial court failed to consider Father's social security benefits, which are greater than his total child support obligation. As we discussed in *Grover II*, Father is currently eligible to receive social security benefits, which could provide for the children's general welfare in the event of his death. These benefits would provide security for Father's child support obligation in the event he dies before that obligation terminates. In failing to consider these benefits, and including the amended provision regarding the distribution of Father's life insurance policies, the trial court has inappropriately subjected Father's trust to more than his total support obligation and ordered Father to pay for more than what the children are entitled to during their minority.

{¶19} Lastly, we agree with Father that the amended life insurance provision affords Mother and her counsel unwarranted discretion regarding the future distribution of Father's trust and life insurance proceeds. That is, we find the trial court cannot order that Mother is to have input on what she deems is an "acceptable" distribution from Father's trust in the future. In including such an order in the Amended Final Judgment, the trial court has

usurped Father's ability to make decisions related to the distribution of his trust's assets after his death, and subjected future distributions related to Father's life insurance policies to Mother's approval. Such an order effectively gives Mother and her counsel complete discretion to determine how and when the income and principal from Father's life insurance policies should be distributed for the children's "general welfare." While the parties may agree to a provision affording Mother such authority over the distribution of Father's trust, there is no evidence of such an agreement here.

{¶20} In light of the above, we find the trial court erred in incorporating additional language in the revised divorce decree which requires Father's life insurance proceeds to be used in place of his child support obligation to provide for the children's welfare in the event of his untimely death, and by subjecting the distribution of his life insurance proceeds to the approval of Mother and her counsel. Accordingly, Father's assignment of error is sustained.

{¶21} The trial court's judgment is reversed. This matter is remanded with instructions to structure the life insurance provision so that, in the event Father dies before his child support obligation terminates, distribution of life insurance proceeds to the children is limited to the amount of support the children would have received pursuant to the divorce decree but for Father's premature death also taking into account any social security survivor benefits the children would also receive upon Father's death. Absent any agreement between the parties, Mother shall have no authority over the time and amount of any additional distributions, income or principal, from the balance of Father's life insurance benefits once proceeds have been paid to fulfill Father's child support obligation.

{¶22} Judgment reversed and remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.