OPINION
{¶ 1} Plaintiff-appellant Anne Heckman appeals from an order of the Clark County Court of Common Pleas denying her post-decree request for an award of spousal support. Ms. Heckman contends that the trial court abused its discretion in denying her request.
 {¶ 2} We conclude that the record supports the trial court's determination that Ms. Heckman failed to show a substantial change of circumstances that would justify a modification of the prior decree which declined to award support. Accordingly, we find no abuse of discretion. The judgment of the trial court is affirmed.
 I {¶ 3} Anne and Leslie Heckman were divorced by decree on May 8, 2003. Of relevance to this appeal, the decree stated:
 {¶ 4} "It is further ORDERED, ADJUDGED and DECREED that neither party shall pay spousal support to the other at the present time due to the fact that the current incomes of the parties are approximately equal, provided however, that this court shall retain jurisdiction over the issue of spousal support for a period of thirty (30) months, effective beginning May 28, 2002. During this time period, either party may file for a determination of spousal support based upon a change in circumstances of the parties' income. Currently, [Ms. Heckman] grosses about Twenty-eight Thousand Dollars ($28,000.00) and [Mr. Heckman] grosses about Twenty-one Thousand Dollars ($21,000.00). The court, upon said motion timely filed, shall retain jurisdiction over the issue of spousal support to be determined using the current statutory factors for the duration and amount of spousal support, if any. At the expiration of the 30-month period, this court shall not retain further jurisdiction over the issue of spousal support."
 {¶ 5} On May 29, 2003, Ms. Heckman filed a motion asking for an award of spousal support due to an increase in Mr. Heckman's income. Specifically, she noted that Mr. Heckman's income had increased to $37,808, while her income had only increased to $29,500.
 {¶ 6} The matter was referred for a hearing before a magistrate who denied the motion upon a finding that Ms. Heckman had failed to show a substantial change in circumstances that would justify such an award. The magistrate's decision specifically stated:
 {¶ 7} "There was no evidence that [Ms. Heckman's] need for spousal support is any different now than at the time of the original decree. In fact the evidence showed that many of her expenses have actually decreased.
 {¶ 8} "The Court finds that [Mr. Heckman's] change in income is not a substantial change warranting an award of spousal support. [Mr. Heckman's] change in income although significant has not changed the circumstances of the parties since the time of the decree. The parties have merely reversed their respective positions with regards to whom is the higher wage earner."
 {¶ 9} Ms. Heckman filed an objection to the magistrate's decision stating only that it constituted an abuse of discretion. The trial court affirmed the decision. Ms. Heckman appeals the trial court's denial of her motion for support.
 II {¶ 10} Ms. Heckman's sole assignment of error is as follows:
 {¶ 11} "THE COURT ERRED IN DENYING APPELLANT'S REQUEST THAT APPELLEE PAY SPOUSAL SUPPORT TO APPELLANT."
 {¶ 12} Ms. Heckman contends that the trial court abused its discretion by denying her motion for support. In support, she argues that, contrary to the trial court's finding, she did show a change in circumstances and she also showed that her expenses exceed her income. She also argues that the trial court erroneously required her to show a "substantial" change in circumstances.
 {¶ 13} This court has previously addressed the issue of the modification of spousal support orders in Tremaine v. Tremaine (1996),111 Ohio App. 3d 703, wherein we stated:
 {¶ 14} "[The modification of spousal support] award orders are governed by R.C. 3105.18. Subdivision (E) of that section denies the court jurisdiction to modify absent a change of circumstances. Subdivision (F) provides that a change of circumstances includes any increase or decrease in a party's wages, salary or living expenses. However, the change must be one that is substantial and one not contemplated at the time of the prior order. The burden of showing that modification of spousal support is warranted is on the party who seeks it. In making its determination the court must consider all the relevant factors in R.C. 3105.18(B), and not consider any one in isolation.
 {¶ 15} "The trial courts are granted broad discretion concerning awards of spousal support. Their orders will not be disturbed on appeal absent an abuse of that discretion. The term `abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 706.
 {¶ 16} In this case, Ms. Heckman contends that she demonstrated a change in circumstances. Specifically, she claims that she showed that her expenses exceed her income and that she has been unable to afford vacations since the divorce. However, a review of the evidence presented at the hearing before the magistrate belies these claims.
 {¶ 17} We turn first to Ms. Heckman's claim that her expenses exceed her income. In support, she submitted a list of her expenses. A review of those expenses indicates that the trial court was correct in determining that many of her expenses had decreased since the date of the decree. For example, the premiums for her home and automobile insurance, as well as the cost of her grocery bills, had been significantly reduced. Additionally, her mortgage bill has been reduced by more than seventy dollars per month. Likewise, her telephone bill has also been reduced.
 {¶ 18} We note that the record demonstrates that Ms. Heckman does some work to help her elderly mother, in exchange for which her mother helps her out financially. Further, even though Ms. Heckman testified that she babysits for relatives and works at her brother's florist shop — services for which she does not receive compensation — the trial court did not impute income to her for that work. Additionally, Ms. Heckman is still able to give anywhere from forty to eighty dollars per month to her church as a charitable donation.
 {¶ 19} We next turn to the issue of vacations. Ms. Heckman testified that she and Mr. Heckman were able to take three or more vacations per year during the marriage. Thus, she appears to claim that she should be entitled to take that many after the divorce. We note that while vacations may be affordable during a marriage, a divorce may make such luxuries less attainable. The mere fact that a party is unable to take as many vacations following divorce as both parties could prior to divorce does not make an award of support necessary. Moreover, the evidence also shows that Ms. Heckman has been able to take at least one vacation to Myrtle Beach, South Carolina, since the divorce.
 {¶ 20} In short, Ms. Heckman failed to show any change of circumstances other than the fact that Mr. Heckman's income has increased. While Mr. Heckman's income has increased, the difference in the amount of the parties' income is approximately the same now as it was when the decree was issued. The only difference is that Mr. Heckman now earns more than Ms. Heckman.
 {¶ 21} Given that no spousal support was awarded in the 2003 divorce decree, the parties and the trial court apparently believed, at that time, that Ms. Heckman was capable of supporting herself. Indeed, the magistrate noted that Ms. Heckman has failed to show that her "need for spousal support is any different now than at the time of the original decree." We agree.
 {¶ 22} Finally, we address Ms. Heckman's contention that the trial court erred by determining that a substantial change in circumstances, as opposed to any change at all, is required for a modification of spousal support. We agree with her claim that neither the decree nor R.C. 3105.18
uses the word "substantial" when discussing a modification of spousal support. However, this court has interpreted the statute as requiring a substantial change before a modification can be had. See, Tremaine,
supra. Therefore, we find no error on the part of the trial court in requiring a substantial change in circumstances as a predicate for a modification of spousal support. A contrary holding would subject trial courts to innumerable motions to modify support orders upon the slightest change in the parties' circumstances.
 {¶ 23} Ms. Heckman's sole assignment of error is overruled.
 III {¶ 24} Ms. Heckman's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Brogan, P.J., and Wolff, J., concur.