OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Betty S. Raskay, filed July 26, 2005. On July 6, 2004, Frank Raskay filed a Complaint for Legal Separation from Ms. Raskay, his wife, and she filed a Counterclaim. A Hearing was held before a magistrate who issued a Decision on March 7, 2005. Ms. Raskay filed objections, and the trial court overruled them and issued a Judgement Decree of Legal Separation on June 30, 2005.
 {¶ 2} Ms. Raskay asserts two assignments of error. Her first assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT REFUSED TO ORDER THAT FRANK SHOULD BE LIABLE FOR BETTY'S ATTORNEY'S FEES"
 {¶ 4} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings * * *, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." R.C.3105.18(H). "R.C. 3105.18 contemplates a prospective award for attorney fees for a party in a divorce action. (Internal citations omitted.) `In considering a request for an award of attorney fees as part of a divorce action, the court is to determine whether the absence of such an award will prevent either party from fully litigating his or her rights, or protecting his or her interests, and whether the other party has an ability to pay such an award.' (Internal citations omitted.) Further, the movant must also prove that the expenses were incurred and that the expenditures were reasonable and necessary." (Internal citations omitted.) Norbut v. Norbut,
Montgomery App. No. 2002-CA-58, 2003-Ohio-1380.
 {¶ 5} We review a trial court's decision with respect to the award of attorney fees pursuant to an abuse of discretion standard. Oatey v. Oatey (1992), 83 Ohio App.3d 251, 263. "On appeal, the only questions for inquiry are whether the factual conclusions upon which the trial court based the exercise of its discretion were against the manifest weight of the evidence, or whether there was an abuse of discretion." McCoy v. McCoy
(1993), 91 Ohio App.3d 570, 583.
 {¶ 6} The issue of attorney's fees has been thoroughly addressed in this matter. The magistrate explicitly determined that "[n]either party in this case is in a better position than the other to pay attorney fees." The magistrate also found that Mr. Raskay cooperated with all court orders and did not attempt to abuse the separation proceedings. In overruling Ms. Raskay's objections, the trial court agreed with the magistrate's conclusion that "the Defendant was not prevented from fully litigating her rights and adequately protecting her interests in this case." In issuing its Decree of Legal Separation, the trial court noted that the parties agreed that "neither party shall be obligated to pay spousal support to the other," confirming again that both parties are able to pay their respective legal fees. There being no abuse of discretion in the trial court's decision regarding Ms. Raskay's attorney's fees, Ms. Raskay's first assignment of error is overruled.
 {¶ 7} Ms. Raskay's second assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FAILED TO ORDER THAT [APPELLEE] SHOULD PAY BACK SPOUSAL SUPPORT IN THE AMOUNT OF $393.00 (sic)"
 {¶ 9} "`The trial courts are granted broad discretion concerning awards of spousal support. Their orders will not be disturbed on appeal absent an abuse of discretion. The term `abuse of discretion' * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Heckman v.Heckman, Clark App. No. 2004-CA-61, 2005-Ohio-6141. Ms. Raskay sought support between July 21, 2004, when she filed her Memorandum Regarding Pending Issues and in Support of Motion for Attorney Fees and Spousal Support, and October 6, 2004, the date upon which the Magistrate's Agreed Entry ordered Mr. Raskay to provide temporary support. Mr. Raskay serviced all of the parties' marital debt and paid their expenses from June of 2004, and we agree with the trial court that he fulfilled his obligation to pay temporary spousal support. Ms. Raskay's second assignment of error is overruled. The judgment of the trial court is affirmed.
Brogan, J. and Fain, J., concur.