OPINION
{¶ 1} The appellant, Dale Reed, appeals the October 8, 2003 judgment of the Common Pleas Court of Union County, Ohio, granting a divorce to Dale and the appellee, Molly Reed, and dividing the parties' assets and debts.
 {¶ 2} Dale and Molly were married on January 15, 1971. Three children, Susie, Jason, and Becky, were born to them during their marriage, each of whom was emancipated by the time of the present action. Also during their marriage, Dale's parents, Wilbur and Kate Reed, gave the couple a farmhouse on approximately five acres and an additional 1.576 acres of unimproved land in Union County, Ohio, in exchange for a promise by Dale and Molly that they would take care of Wilbur and Kate for the remainder of their lives. The couple moved into the farmhouse and assisted Wilbur and Kate in farming the land, which included both crops and livestock. Dale and Molly also began remodeling the house.
 {¶ 3} Eventually, Wilbur's health deteriorated and he had a stroke prior to the completion of the home remodel. Within a week of his stroke, Wilbur died. Dale and Molly continued remodeling but were unable to complete the project due to financial difficulties. In order to complete the remodeling of the home, which included making it handicap accessible for Dale's mother, Kate deeded an additional 8.252 acres to Dale and Molly to use to obtain a loan for the remodeling project. The couple used the land to obtain the loan and finished remodeling the home.
 {¶ 4} By 2001, the relationship between Molly and Dale became irreparable, and Molly filed for divorce on October 17, 2001, in the Franklin County Common Pleas Court, Domestic Relations Division. However, upon Dale's request, that court transferred the matter to the Union County Court of Common Pleas on January 13, 2003. The final hearing on this matter was held in Union County on August 6, 2003. During this hearing, the parties made numerous stipulations and were permitted to present evidence in support of their respective positions as to the remaining contested matters. At the conclusion of the hearing, the trial court made an oral pronouncement of its decision. The court later filed a written judgment entry, containing its findings of fact and conclusions of law regarding the distribution of the parties' assets and liabilities and granting them a divorce, on October 8, 2003. These cross-appeals followed, and Dale now asserts three assignments of error, and Kate asserts four cross-assignments of error.
 Assignments of Error of Dale Reed The trial court erred in failing to allocate marital debts anderred in unequally dividing the parties' assets and liabilities.
 The trial court erred in failing to value a marital asset.
 The trial court erred in ordering the public sale of marital assets.
 Assignments of Error of Molly Reed The trial court's written decision, a portion of which is in directconflict with its oral decision announced at the conclusion of trial, isagainst the manifest weight of the evidence.
 The trial court erred in finding the parties owe a joint marital debtof $65,000 to Appellant's mother, where no credible evidence supportedsuch a finding.
 The trial court erred in awarding marital assets to a non-party, KateReed.
 The trial court erred in failing to award spousal support toCross-Appellant, Molly Reed.
For the reasons that follow, we must dismiss this appeal for lack of a final appealable order.
 {¶ 5} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. Pursuant to R.C. 2505.02, an order that does not adjudicate all the claims or the rights and liabilities of all the parties is not final and appealable. See Noble v. Colwell (1989), 44 Ohio St.3d 92. We find that the judgment from which this appeal is taken does not make a final determination as to the division of all of the parties' marital assets and debts in this divorce. Consequently, we are unable to review the property division to determine whether or not it is equitable in accordance with R.C.3105.171(B), which affects many aspects of the assignments of error of the parties. See Middendorf v. Middendorf (June 8, 1994), 3rd Dist. No. 17-93-17, unreported, 1994 WL 247051. However, in the interests of judicial economy, we will note the problems in the case that we have observed upon review of the record and that prevent us from reviewing the correctness of the decision and judgment.
 {¶ 6} The primary error made by the court in its failure to accomplish the division of assets and debts is Finding of Fact # 20: "The parties owe a marital liability of $65,000.00 to Kate Reed." Although the court made this finding, which Molly Reed now challenges upon appeal, it failed to allocate this debt to either party or to divide it between the two. Without this division, we cannot determine the appropriateness of this finding or whether the property division was equitable. Although Molly asserts that this finding was most likely a misstatement on the part of the trial court, given certain statements made by the trial judge at the conclusion of the hearing, this Court is not able to properly make a determination on this issue without a complete judgment by the trial court.
 {¶ 7} In addition, the court found that Dale and Molly stipulated to various debts, including debts to Bank of America and "Great Lakes Higher Education * * * for their daughter's education," but failed to divide these debts between the parties. Lastly, although neither party asserts this as error, the trial court also found that the parties had "a Citizens National Bank account * * * and a BMI Federal Credit Union account * * *, all marital property." However, while dividing the parties' other accounts, the trial court did not order the division of the Citizens National Bank account or the BMI Federal Credit Union account. Moreover, the court did not place a value on certain marital assets, such as the parcels of land and farm equipment, as required despite the fact that the parties presented evidence regarding the values of these assets. See, e.g., Allen v. Allen (1996), 109 Ohio App.3d 640, 642; VanFossen v. Van Fossen (1988), 47 Ohio App.3d 175, 176.
 {¶ 8} As a result of these failures by the trial court, we are unable to review the equity of the property division and the assignments of error related thereto. Consequently, we are without subject matter jurisdiction to hear this appeal, and the lack thereof is a basis for mandatory sua sponte dismissal. See, e.g., Evicks v. Evicks (1992),79 Ohio App.3d 657, 660-661. For these reasons, this appeal is hereby dismissed, and the cause remanded to the trial court for determination and disposition of the issues outstanding in this case.
Appeal dismissed and cause remanded.
Cupp and Bryant, JJ., concur.