[Cite as *Gilleo v. Gilleo*, 2009-Ohio-5431.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

WILLIS GILLEO,

    PLAINTIFF-APPELLANT,

  v.

BEVERLY GILLEO,

    DEFENDANT-APPELLEE.

CASE NO. 10-09-09

O P I N I O N

Appeal from Mercer County Common Pleas Court
Domestic Relations Division
Trial Court No. 07-DIV-075

Appeal Dismissed and Cause Remanded

Date of Decision: October 13, 2009

APPEARANCES:

    *Kelly J. Rauch* for Appellant

    *Thomas E. Luth* for Appellee

**WILLAMOWSKI, J.,**

{¶1} Plaintiff-Appellant, Willis Gilleo ("Willis") appeals the judgment of the Mercer County Court of Common Pleas, Domestic Relations Division, granting a divorce from Defendant-Appellee, Beverly Gilleo ("Beverly"). On appeal, Willis contends that the trial court erred in dividing the marital and separate property. For the reasons set forth below, the appeal is dismissed for lack of jurisdiction.

{¶2} Willis and Beverly married on March 8, 2003, in Celina, Ohio. They separated on January 16, 2006, and were granted a divorce on April 14, 2009. No children were born as issue of the marriage.

{¶3} The parties had been living together since September of 2000. Beverly owned a home and property located at 205 Stella Street that she had purchased in 1985. Originally, the couple lived elsewhere because the Stella Street property had been badly damaged. In June 2001, they tore down the old house and began constructing a new home on Beverly's property.

{¶4} The construction was completed in early 2002 and the couple moved into the new home together, along with Beverly's son. In March 2003, Beverly and Willis married. They continued to reside together in the Stella Street home until January 16, 2006, when Willis moved out after a dispute with Beverly's son. Willis filed for divorce in December 2007.

**{¶5}** In July 28, 2008, Willis and Beverly appeared before the magistrate for a hearing and testified concerning their marital and separate property and debts. The primary area of contention involved the Stella Street home and property. Willis claimed he had used his separate funds to build the home.

**{¶6}** On December 15, 2008, the magistrate issued findings of fact and conclusions of law. The magistrate found that the property located at 205 Stella Street was Beverly's separate property prior to the marriage and awarded the house and property to Beverly. The magistrate found that the fair market value of the property was $94,000, and the value of the mortgage at the time of the separation was $89,500, leaving $4,500 in equity. Beverly was ordered to pay Willis $2,250 as his one-half share of the marital equity in the real estate, and Willis was ordered to execute a quit claim deed transferring any interest he may have had in the real estate to Beverly. The magistrate also divided various items of personal property. Each party was to keep any motor vehicles, stocks, bonds, retirement benefits and bank accounts currently titled in their own name, and each party was responsible for any debt incurred in his or her own name. Willis was to be responsible for payment of the debts incurred for the motor vehicles.

**{¶7}** Willis filed timely objections to the magistrate's decision. On April 6, 2009, the trial court overruled all the objections with the exception of clarifying a minor portion of the decision. On April 14, 2009, the trial court issued the final divorce decree, following the magistrate's recommendations.

**{¶8}** Willis now appeals the decision of the trial court, raising the following five assignments of error for our review:

### First Assignment of Error

**The trial court erred to the prejudice of [Willis] when it failed to determine that he used $113,940.54 of his premarital funds to improve the Stella Street residence.**

### Second Assignment of Error

**The trial court erred to the prejudice of [Willis] when it determined that the equity in the Stella Street home was only $4,500.00.**

### Third Assignment of Error

**The trial court abused its discretion when it failed to equally divide the marital debts of the parties.**

### Fourth Assignment of Error

**The trial court erred [sic] abused its discretion when it failed to equally divide the marital assets of the parties.**

### Fifth Assignment of Error

**The trial court applied the wrong standard of review in considering the magistrate's decision.**

**{¶9}** Before addressing the merits of Willis' assignments of error, we must first determine whether jurisdiction exists to hear this appeal. Appeals courts are required to sua sponte raise jurisdictional issues involving final appealable orders. *In re Murray* (1990), 52 Ohio St.3d 155, 159 fn. 2, citing *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186.

{¶10} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B) and Civ.R. 75(F), if applicable, must be satisfied. *Reed v. Reed*, 3d Dist. No. 14-03-43, 2004-Ohio-3550, ¶5, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64. Pursuant to R.C. 2505.02, an order that does not adjudicate all the claims or the rights and liabilities of all the parties is not final and appealable. See *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381. A Court of Appeals is without subject matter jurisdiction to review a judgment of divorce that does not make a final determination as to the division of all of the parties' marital assets and debts. *Reed v. Reed*, supra, at ¶6 (finding a lack of subject matter jurisdiction because the trial court failed to allocate a $65,000 marital debt.).

{¶11} The judgment from which this appeal is taken does not make a final determination as to the division of all of the parties' debts in this divorce.[1] In August 2003, the parties obtained a $96,000 mortgage on the Stella Street property in both of their names. The trial court awarded the home and property to Beverly, but did not address the allocation or disposition of the $89,514 mortgage balance that was outstanding at the time of the parties' separation. Consequently, we are

---

[1] In his third assignment of error, Willis did argue that the trial court failed to equally divide the marital debts of the parties. However, this assignment of error only addressed the issue of the $11,548 debt owed to GMAC after the Grand Prix that Willis drove was repossessed.

unable to review the property division to determine whether or not it is equitable in accordance with R.C. 3105.171.  See *Middendorf v. Middendorf* (June 8, 1994), 3rd Dist. No. 17-93-17, unreported, 1994 WL 247051.

{¶12} We find that the trial court's Divorce Decree does not comport with Civ.R. 75(F), in that it does not fully assign or divide the parties' property, i.e., the debt associated with the mortgage.  Accordingly, we find that the trial court's entry of April 14, 2009 was not a final, appealable order and we dismiss for lack of jurisdiction.  For these reasons, this appeal is hereby dismissed and the cause remanded to the trial court for determination and disposition of the outstanding issues in this case.

*Appeal Dismissed and Cause Remanded*

**PRESTON, P.J., and ROGERS, J., concur.**

**/jnc**