[Cite as *Neumann v. Neumann*, 2012-Ohio-591.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96915**

## PAMELA S. NEUMANN

PLAINTIFF-APPELLEE

vs.

## PAUL NEUMANN

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-328194

**BEFORE:** Cooney, J., Blackmon, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** February 16, 2012
**FOR APPELLANT**

Paul Neumann, pro se
24243 Lebern Drive
North Olmsted, OH 44070


**ATTORNEYS FOR APPELLEE**

Heather L. Corso
Jennifer L. Malensek
The Bradley Building
1200 West Sixth Street
Suite 502
Cleveland, OH 44113


**GUARDIAN AD LITEM**

Jacob A.H. Kronenberg
Kronenberg & Belovich Law, LLC
635 West Lakeside Avenue
Suite 605
Cleveland, OH 44113


COLLEEN CONWAY COONEY, J.:

{¶1} Defendant-appellant, Paul Neumann ("Paul"), pro se, appeals the court's judgment entry of divorce. Finding no merit to the appeal, we affirm.

{¶2} Paul and plaintiff-appellee, Pamela S. Neumann ("Pamela"), were married in 2004. The two had one minor child born in 2005. Pamela separated from Paul and filed for divorce in 2009. The child remained primarily with Pamela after the

separation.   Shortly after the separation, Pamela was awarded a one-year protection order as a result of her menacing by stalking charge against Paul.

{¶3}   In May 2011, the court issued a final determination, in which the court named Pamela the residential parent and legal custodian.   The court set forth a shared parenting agreement, granted Pamela child support, and awarded her attorney fees.

{¶4}   Paul now appeals from this entry, raising three assignments of error.

## Attorney Fees

{¶5}   In his first assignment of error, Paul argues that the trial court abused its discretion in awarding attorney fees to Pamela.

{¶6}   Our review of the award of attorney fees is limited to determining (1) whether the factual considerations upon which the award was based are supported by the manifest weight of the evidence, or (2) whether the domestic relations court abused its discretion.   *Gourash v. Gourash*, 8th Dist. Nos. 71882 and 73971, 1999 WL 684889 (Sept. 2, 1999), citing *Oatey v. Oatey*, 83 Ohio App.3d 251, 614 N.E.2d 1054 (1992).

{¶7}   R.C. 3105.73(A), which governs attorney fee awards in domestic relations cases, provides:

In an action for divorce * * * or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable.   In determining whether an award is equitable, the court may consider the parties' marital assets and

income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶8} The trial court found that an award of attorney fees for Pamela was justified in the instant case. Pamela's fees totaled $17,077, and the court awarded $7,500 in lieu of spousal support. In support of its award, the court cited Paul's "overall lack of cooperation and compliance with discovery and trial orders." The court also noted Paul's failure to comply with Pamela's discovery requests and his untimely affidavits that contained substantive errors.

{¶9} In addition, the court considered whether all of the legal services were necessary and the amount of time expended on those services. Counsel's reduced hourly rates were reasonable and commensurate with the customary fees in this locality. Therefore, we find that the award of attorney fees was supported by competent, credible evidence and was not an abuse of discretion.

{¶10} Accordingly, the first assignment of error is overruled.

Custody

{¶11} In his second assignment of error, Paul argues that the trial court abused its discretion when it awarded him less than equal custody.

{¶12} Paul argues that he is entitled to an equal time shared parenting plan. However, he did not file a shared parenting plan with the court, nor does he support his claim for equal time with any statutory authority. R.C. 3109.04 provides that when

neither parent files a plan for shared parenting, the court has jurisdiction to allocate parental rights in the best interest of the child.    R.C. 3109.04 states:

> (A) In any divorce, legal separation, or annulment proceeding and in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, upon hearing the testimony of either or both parents and considering any mediation report filed pursuant to section 3109.052 of the Revised Code and in accordance with sections 3127.01 to 3127.53 of the Revised Code, the court shall allocate the parental rights and responsibilities for the care of the minor children of the marriage. Subject to division (D)(2) of this section, the court may allocate the parental rights and responsibilities for the care of the children in either of the following ways:
>
> (1) If neither parent files a pleading or motion in accordance with division (G) of this section, if at least one parent files a pleading or motion under that division but no parent who filed a pleading or motion under that division also files a plan for shared parenting, or if at least one parent files both a pleading or motion and a shared parenting plan under that division but no plan for shared parenting is in the best interest of the children, the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential

parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children, including, but not limited to, the responsibility to provide support for the children and the right of the parent who is not the residential parent to have continuing contact with the children.

**{¶13}** R.C. 3109.04(F) provides relevant factors for the court to consider. Having reviewed the judgment entry, this court finds that the trial court considered each element of R.C. 3109.04(F)(1) and (2) when determining the best interest of the child. Having addressed each element, the court found that it was in the child's best interest to make Pamela the residential parent and legal custodian, in addition to setting forth a detailed shared parenting schedule. Therefore, we find that the trial court's shared parenting plan was not an abuse of discretion.

**{¶14}** Accordingly, the second assignment of error is overruled.

## Temporary Spousal Support

**{¶15}** In his third assignment of error, Paul argues that the trial court abused its discretion when it awarded temporary spousal support to Pamela without a proven need and without a full evidentiary hearing.

**{¶16}** A trial court has considerable latitude when determining the amount of spousal support to award in a divorce proceeding. *Bolinger v. Bolinger*, 49 Ohio St.3d 120, 122, 551 N.E.2d 157 (1990). A trial court's decision regarding spousal obligations

will not be reversed on appeal absent an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997); *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). So long as the decision of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, we will not disturb it. *Masitto v. Masitto*, 22 Ohio St.3d 63, 66, 488 N.E.2d 857 (1986). "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

{¶17} R.C. 3105.18(B) authorizes the trial court to award reasonable temporary spousal support to either party during the pendency of any divorce or legal separation proceeding. When determining whether spousal support is appropriate and reasonable, the court must consider the factors set forth in R.C. 3105.18(C). The trial court is not required to comment on each statutory factor; the record need only show that the court considered the statutory factors when making its award. *Carman v. Carman*, 109 Ohio App.3d 698, 703, 672 N.E.2d 1093 (1996). Civ.R. 75(N)(1) authorizes the trial court to grant spousal support pendente lite to either party without oral hearing upon the filing of a motion and supporting affidavit. The other party may then file counter affidavits within 14 days of the filing of the motion. Civ.R. 75(N)(2).

{¶18}   On September 29, 2009, Pamela moved for spousal support pendente lite and attached a supporting affidavit.   Paul filed an answer and an affidavit in reply to her motion without objection to her request.   Her motion was granted on January 21, 2010. The trial court based its order of temporary support on Pamela's income of $0 and Paul's income of $75,200.   Based on these figures, the trial court determined that a temporary spousal support award of $1,734 per month was appropriate.

{¶19}   On February 23, 2010, Paul filed an application for a Civ.R. 75(N) hearing.   A hearing was scheduled and reset several times until the final date set for trial.  The court allowed Paul to fully cross-examine Pamela on this issue at trial.

{¶20}   Paul argues that the trial court erred in awarding temporary spousal support to Pamela.   However, Paul never produced evidence to rebut the temporary support order.   Moreover, the trial court's judgment entry of divorce does not continue spousal support.   Thus, we find no abuse of discretion in the temporary support order or the manner in which the court determined the appropriate amount.

{¶21}   Accordingly, the third assignment of error is overruled.

{¶22}   Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR